In the Matter of the Claim of Florence McLaughlin, Respondent, against John Hancock Mutual Life Insurance Company et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by employer and its insurance carrier from an award of the Workmen's Compensation Board granting death benefits to the widow of a deceased employee. The only question involved is whether the deceased employee met his death by accident, or by " wilful intention * * * to bring about the injury or death of himself " under section 10 of the Workmen's Compensation Law. The body of the deceased employee was found on a sixth floor extension of a building adjoining the building where he worked. The record discloses that the deceased employee was in ill health, and knew he had a heart ailment. The occurrence leading to his death was unwitnessed, and the board has made an award of death benefits based principally upon the common-law presumption against suicide and the presumption in subdivision 3 of section 21 of the Workmen's Compensation Law. Decedent was employed as an inside worker in an office on the eighteenth floor. The board has found that he accidentally fell from a window. Decedent had no duties which required him to go outside the window, or to do anything in connection

with the window. The undisputed proof discloses that an open window was found in the office with a telephone stand moved near it and a chair moved to face it. The window sill is three feet seven and one-half inches from the floor. A ventilator in the window one foot in height was found intact, making the bottom of the opening four feet seven and one-half inches from the floor. Decedent was five feet six inches tall. Thus it would have been a physical impossibility for him to fall from the window while standing on the floor. The maximum opening when the window was fully raised was one foot ten inches. A fall through such a narrow opening would be a physical impossibility. Outside the window was a ledge, sloping slightly, and extending four feet nine inches from the wall of the building. The undisputed evidence clearly rebuts the presumptions, and viewed in the light of the record as a whole, suicide is the only reasonable inference to be drawn from the facts. Award reversed, on the law, and the claim dismissed, with costs to appellants against the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.