In the Matter of the Claim of EVELYN B. HENDRY, Respondent, against NATIONAL BISCUIT Co., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from an award made by the Workmen's Compensation Board granting death benefits to the minor children of the deceased employee. The decedent was found dead on the sidewalk in front of his employer's premises in the afternoon of July 8, 1950. An autopsy disclosed compound comminuted fractures of the skull, intra-cranial injuries, extensive fractures of the ribs and extremities, and lacerations of the liver, lungs and spleen. The deceased was last seen leaving a smoking room on the seventh floor of his employer's bakery from which a stairway led to the sixth floor where the decedent worked. The stairway window, at the seventh floor level, was about ten feet high and four feet wide and consisted of two halves, the lower one of which opened upwards. Two iron crossbars extended from one side to the other of the window and were approximately eighteen inches apart. The window at the sixth floor mezzanine level had a single bar extending across its width and opened outward from a horizontal pivot at the center. The board found that the decedent sustained his fatal injuries when he accidentally fell from a window on one of the upper stories of his employer's building, while in the course of his employment, and that his injuries and resultant death were not the result of suicide. Appellant contends that the death of the decedent was not the result of an industrial accident but of suicide and not compensable by reason of section 10 of the Workmen's Compensation Law which prohibits liability for the " willful intention of the insured employee to bring about the injury or death of himself"". Section 21 of the Workmen's Compensation Law provides that it shall " be presumed in the absence of substantial evidence to the contrary   *   *   *   3. That the injury was not occasioned by the willful intention of the insured employee to bring about the injury or death of himself or of another ". To overcome this presumption, the employer offered evidence attempting to prove that it was impossible for the decedent to have accidentally fallen from a window. Descriptions of the windows and stairway were given by plant supervisors, photographs of the area were introduced and the opinion of a detective who investigated that the decedent "must have definitely jumped" was received. Despite this evidence, the board was not required to find that the decedent jumped from a window. The decedent, who was five feet and two inches in height and weighed 120 pounds, could have stumbled on the stairway and been propelled through the bars and open window or he could have leaned out for a breath of fresh air, lost his balance and fallen. On the whole record, we cannot say, as a matter of law, that the proof is sufficient to overcome the presumption against suicide. (*Matter of Graham* v. *Nassau & Suffolk Lighting Co.*, 308 N. Y. 140.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.