■ In the Matter of the Claim of JAMES HARRIS, Respondent, v. HART & CROUSE CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which affirmed an award to the claimant. The appellants contend that there is no substantial medical evidence of causal relationship between an injury which the claimant sustained on March 10, 1961 and his subsequent knee disability on March 22, 1965. The claimant testified that on March 10, 1961 he was working for the appellant employer when he was struck on his left knee by a steel rail. The knee bothered him periodically after this accident and he kept an ace bandage at work to wear when it was painful. On March 22, 1965 he went to get out of his car after work and the knee collapsed. There was no medical testimony and the issue of causal relationship depends upon the medical reports of the claimant's doctor. There were three of these of consequence. In the 48-hour report, dated March 23, 1965, the answer to a question of competent producing cause was "Yes", it was sustained, but under "Remarks", the doctor stated, "It is hard for me to see a definite cause and relation of the initial injury unless he was left with a weak left knee from the original accident." He made substantially the same answers in his reports dated April 12 and May 21. It was the burden of the claimant to establish causal relationship by competent medical evidence and the tenuous and equivocating illustrations mentioned herein do not constitute substantial evidence. The dissenting member of the board suggested an examination and opinion from an impartial orthopedist. Upon remittal, such procedure or the testimony of the attending physician may establish substantial evidence of causal relationship. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur with Herlihy, J.