■ In the Matter of the Claim of ROBERT NEAL, Deceased, et al., Appellants, v RIVERSIDE SERVICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed June 29, 1979, which disallowed a claim for benefits to Patricia (Sommers) Neal as the legal widow of Robert Neal. Robert Neal died on July 6, 1977 as the result of a truck accident that occurred in the course of his employment. His previous marriage to Judith Neal had terminated in divorce by a judgment filed in Niagara County, New York, on May 11, 1964. That judgment provided that it was "interlocutory only, and shall become final, as of course, three months after the entry and filing thereof". Prior to the expiration of the three-month period, on July 27, 1964,

Robert Neal married claimant Patricia (Sommers) Neal in North East, Pennsylvania. The referee's decision, favorable to the claimant, was unanimously modified by the Workers' Compensation Board on application of the decedent's employer and its workers' compensation carrier. This modification consisted of a reversal of the finding of the referee that Patricia (Sommers) Neal was the legal widow of Robert Neal. Initially, the claimant maintains that the Workers' Compensation Board that reviewed the referee's decision was illegally constituted in that none of its members was an attorney. In that regard, subdivision 2 of section 142 of the Workers' Compensation Law provides that "At least one member on each panel shall be an attorney and counsellor-at-law". The section goes on to state, however, that "the absence of an attorney on any panel shall not invalidate the order, decision or determination of a majority of the members of the panel if at least two affirmative votes are cast in favor of such action" (Workers' Compensation Law, § 142, subd 2). By its terms, the statute does not render the determination made herein invalid for lack of an attorney on the panel, inasmuch as the decision was unanimous. The determination made by the panel, however, is erroneous. The panel found "that the claimant remarried before his divorce was final and, therefore, he and Patricia (Neal) Sommers were not legally married". The decision failed to consider that the marriage was contracted in Pennsylvania and that its legality is to be judged by the laws of that State at the time of the marriage contract (see *Matter of Watts,* 31 NY2d 491, 495). A Pennsylvania statute (Pa Stat Ann, tit 48, § 1-17) pertinently provides: "If a person, during the lifetime of a * * * wife * * * enters into a subsequent marriage * * * and the parties thereto live together * * * as husband and wife and such subsequent marriage was entered into by one or both of the parties in good faith in the full belief * * * that the former marriage has been * * * terminated by a divorce * * * they shall, after the impediment to their marriage has been removed by * * * divorce, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and immediately after the removal of such impediment." The impediment to the subject marriage having been removed by the time lapse of the three-month period and Patricia Neal having continued to live with the claimant decedent thereafter as husband and wife, the only issue that requires determination is whether Patricia Neal entered marriage "in good faith in the full belief" that the decedent's former marriage had been terminated by divorce. "The test * * * as to what constitutes good faith under the act [§ 1-17] is a bona fide desire for marriage". *(Commonwealth ex rel. Wenz v Wenz,* 195 Pa Super Ct 593, 600). From the board's decision herein it is not possible to determine whether such decision was based on an error of law in failing to apply Pennsylvania law to the subject marriage or whether the decision was based on a finding that Patricia Neal did not enter into the marriage in good faith, or even whether Patricia Neal had a valid common-law marriage according to the laws of Pennsylvania. The decision made must be reversed and the proceeding remitted to the board for a determination not inconsistent herewith. Decision reversed, with costs to claimants against the employer and its insurance carrier, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.