■ In the Matter of JOYCE KRIETE, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [617 NYS2d 560] —Mikoll, J. Appeal from a decision of the Workers' Compensation Board, filed March 9, 1993, which ruled that decedent's death did not arise out of and in the course of employment and

denied claimant's claim for workers' compensation death benefits.

In 1971 decedent, claimant's husband, began his employment as a police officer for the Port Authority of New York and New Jersey (hereinafter the employer) at Kennedy International Airport. Decedent's employment ceased at his death by suicide in February 1983. The employer first referred decedent to Gracie Square Hospital for treatment for alcoholism, but he did not finish the program and was referred to Alcoholics Anonymous. On another occasion after being found intoxicated at work, decedent was referred to South Oaks Hospital, where he completed a detoxification program. Following completion of the latter program, decedent was reinstated to his employment. Shortly thereafter, however, he was unaccounted for until his body was discovered in an airport parking lot. It was determined that he had fatally shot himself in the head with his personal pistol.

Claimant's claim for workers' compensation death benefits was contested by the self-insured employer on the ground that decedent's death did not arise out of and in the course of employment. Following hearings, a Workers' Compensation Law Judge found that a compensable accident occurred and awarded claimant benefits. Although this determination was originally affirmed by a panel of the Workers' Compensation Board, upon full Board review the matter was referred to the panel for reconsideration, which ultimately ruled that decedent's death did not arise out of and in the course of his employment and denied the claim.

The decision of the Board denying the claim should be affirmed. The record reveals that there was substantial evidence before the Board supporting its decision that the accident did not arise out of and in the course of employment. While workers' compensation death benefits may be awarded for a suicide where "a work-related injury causes 'insanity', 'brain derangement' * * * or 'a pattern of mental deterioration' * * * which in turn causes suicide" (Matter of Friedman v NBC Inc., 178 AD2d 774) and depressive reactions may qualify as a "brain derangement" permitting an award of death benefits (Matter of Reinstein v Mendola, 39 AD2d 369, 371, appeal dismissed 31 NY2d 795; see, Matter of Friedman v NBC Inc., supra) the evidence in this case supported the Board's finding that the suicide did not result from work-related stress or difficulties. Rather, it was brought on by nonwork-related stresses, i.e., "essential" alcoholism, marital

problems, the deaths of his parents and most recently the February 1983 death of an aunt with whom he had a very close relationship. Not only did medical testimony support the Board's ultimate conclusion, but claimant's attorney admitted that decedent's alcoholism and depression were not connected to his employment. The factual questions relating to whether there was an employment-related suicide were for the Board to decide, and its decision will not be disturbed in this case *(see, Matter of Friedman v NBC Inc., supra,* at 775).

The Board could also properly reject claimant's argument that the employer was negligent in permitting decedent to return to work and carry a firearm, in view of his alcoholism and depression. The Board's findings are supported by medical testimony establishing that the employer could not have done any more to prevent the suicide than the assistance it rendered. In addition, even if decedent's firearm had not been available, he could have found another way to end his life and that the firearm was "merely tangential" to the suicide.

Finally, claimant contends that the employer is estopped from contesting compensability here because it made an admission when, in trying to dismiss a lawsuit brought by claimant, it asserted that workers' compensation is her exclusive remedy. Inconsistent pleadings, however, are not deemed to be admissions *(see, Perkins v Volpe,* 146 AD2d 617, *lv dismissed* 74 NY2d 791; *Collins v Caldor of Kingston,* 73 AD2d 708).

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.