(March 6, 1997)

■ In the Matter of the Claim of SHEILA MILLER, Respondent, v INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 631 et al., Appellants, and UNINSURED EMPLOYERS' FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [654 NYS2d 460] —Casey, J. Appeal from a decision of the Workers' Compensation Board, filed November 22, 1993, which ruled that the death of claimant's decedent arose out of his employment and awarded claimant workers' compensation benefits.

At issue in this appeal is whether the Workers' Compensation Board erred in concluding that the death of claimant's husband, Morris Miller, arose out of and in the course of his employment with International Brotherhood of Electrical Workers Local 631 (hereinafter Local 631). Local 631 and its workers' compensation carrier contend that Miller was never employed by Local 631 and that Miller's death by suicide was not causally related to his employment. We reject Local 631's arguments and affirm the Board's decision.

For a number of years, Miller was the business manager for the International Brotherhood of Electrical Workers Local 806 (hereinafter Local 806), which encountered financial difficulties and merged with Local 631 in September 1987. After the merger, Miller helped to close Local 806's office and continued to administer the pension, annuity, vacation and welfare funds of the members of Local 631 who had been members of Local 806. According to Local 631, Miller remained an employee of

Local 806 and Local 631 was merely a "conduit" for the payment of Miller's wages out of Local 806 funds. It is undisputed, however, that Miller was employed by Local 806 and Local 806 merged with Local 631 in September 1987. Thereafter, until his death in April 1988, Miller was paid by Local 631. Miller was listed as an employee of Local 631 on W-2 tax forms issued by Local 631, and Local 631 provided medical coverage for Miller after the merger. Although the various funds established by Local 806 for the benefit of its members were not merged into the corresponding Local 631 funds until after Miller's death, the evidence establishes that Miller's employer, Local 806, ceased to exist as a separate entity when it merged with Local 631 in September 1987.

In exercising its fact-finding powers with respect to the existence of an employer-employee relationship, the Board's decision may be based on one or a combination of many factors, including method of payment (*see, Matter of Daughtrey v Enertex Computer Concepts*, 149 AD2d 872, 873). There is substantial evidence in the record to support the Board's conclusion that Local 631 became Miller's employer when Local 806 merged with Local 631 and the two locals became one. The Board's decision cannot be disturbed, therefore, despite other evidence in the record which, according to Local 631, demonstrates the absence of an employer-employee relationship (*see, Matter of Johnson v New York City Health & Hosps. Corp.*, 214 AD2d 895, 896, *lv denied* 86 NY2d 707).

On the causal relationship issue, it is well settled that if a work-related injury causes a pattern of mental deterioration, which in turn causes suicide, death benefits may be awarded under Workers' Compensation Law § 10 (*see, Matter of Friedman v NBC, Inc.*, 178 AD2d 774). The record contains expert medical evidence, including the testimony and report of an impartial specialist in psychiatry, which demonstrates that despite the absence of any prior manifestations of mental illness, Miller's frustration, concern and sense of loss due to the merger of Local 806 with Local 631 caused or contributed to a depressive illness, progressive in nature, and that Miller's suicide was a "significant feature" of his depressive illness. There is substantial evidence of a causal relationship between Miller's employment with Local 631 and his eventual death by suicide and, therefore, we see no basis to disturb the Board's exercise of its fact-finding power.

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.