■ In the Matter of the Claim of WILLIAM MITCHELL, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [664 NYS2d 485] —Appeals from a decision and an amended decision of the Workers' Compensation Board, filed January 26, 1996 and April 4, 1997, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

Claimant worked as a bus driver for the employer from 1971 until 1993. On April 19, 1991, apparently without a precipitating incident, claimant suddenly experienced severe lower back pain radiating into his left lower extremity. This condition ultimately required surgery in May 1991 for a herniated lumbar disk. Claimant subsequently filed for workers' compensation benefits, alleging that his disability was caused by over 20 years of operating buses which involved constant sitting and jostling by road conditions. The Workers' Compensation Board disallowed the claim upon a finding that claimant did not sustain an occupational disease arising out of and in the course of his employment. We affirm.

The burden of establishing a causal relationship between employment and a disability rests with the claimant, who must do so by competent medical evidence (*see, Matter of Harris v Hart & Crouse Corp.,* 27 AD2d 613). Claimant's medical proof consisted of the testimony of and a medical note by his neurosurgeon. While the note stated in conclusory terms that claimant's medical condition was secondary to his employment and was an occupational injury, the neurosurgeon ultimately retreated from this position and declined to definitively establish causality at the hearing. It is well settled that the Board is the ultimate judge of witness credibility and is free to reject all or any portion of the medical evidence offered (*see, Matter of*

*Ferber v New York Dept. of Corrections, Adirondack Correctional Facility*, 220 AD2d 915). We find that the Board's conclusion that claimant's proof was insufficient to establish causality is supported by the record (*see, Matter of Diliberto v Hickory Farms*, 236 AD2d 663; *Matter of Panagiotatos v Eastman Kodak Co.*, 222 AD2d 877). Petitioner's remaining contention has been examined and found to be unavailing.

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.