■ In the Matter of the Claim of STEPHEN N. DE SALVO, Appellant, v PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [670 NYS2d 613] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed March 18, 1997, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

Claimant was employed as an insurance salesperson from 1976 through January 1992 when he stopped working, claiming disability from hypertension and an anxiety disorder. Claimant's application for workers' compensation benefits was

controverted by his employer. A July 1992 report from his physician, Andrew Greenberg, stated that while claimant's employment did not create his hypertension, this condition was exacerbated by the high stress environment of his job. Greenberg also referenced a May 1992 report from a psychiatrist indicating that claimant suffered from a generalized anxiety disorder and depressive disorder, conditions which Greenberg opined were worsened by his work environment. A Workers' Compensation Law Judge (hereinafter WCLJ) initially determined that claimant produced prima facie medical evidence of a causally related psychiatric condition and exacerbation of hypertension.

Claimant was thereafter examined by the carrier's medical expert, Carl Friedman, who reported that claimant's hypertension was caused by his obesity and lifestyle but that his job situation temporarily exacerbated it. Following a hearing at which claimant's physician failed to appear, the WCLJ established the case for a temporary exacerbation of preexisting hypertension and made an award for same but found no causally related psychiatric condition. The Workers' Compensation Board ultimately restored the case to the calendar to, *inter alia,* allow claimant, who had mainly appeared *pro se* in the proceedings, an opportunity to present medical evidence to support his claim of a causally related permanent disability with the aid of appropriate legal representation. When claimant appeared on July 10, 1996, he indicated that he did not require legal counsel and declined to produce any medical evidence other than what was already submitted. The WCLJ again denied the claim and, after affirmance by the Board, this appeal ensued.

We affirm. It is well settled that "[t]he burden of establishing a causal relationship between employment and a disability rests with the claimant, who must do so by competent medical evidence" (*Matter of Mitchell v New York City Tr. Auth.,* 244 AD2d 723). Here, with respect to the issue of a causally related psychiatric disability, we note that although claimant maintains that a July 1993 report from psychiatrist Philip Goldberg establishes causation, this report states only that "work related difficulties *can* act as a stressor and precipitate a major depression in a prone individual" (emphasis supplied); thus, it fails to specifically indicate that this is what occurred in claimant's case. The Board reopened the case for the purpose of allowing claimant to submit specific proof as to causation and claimant declined to do so. As for claimant's assertion that he established causally related hypertension, we need note

only that claimant's own physician, Greenberg, stated in his July 1992 report that claimant's hypertension was not caused by his job; therefore, we conclude that there was substantial evidence to support the Board's ruling in this respect.

Finally, we reject as meritless claimant's argument that the Board was biased against him because of his insistence on appearing *pro se*. To the contrary, the record indicates that claimant was repeatedly urged to retain counsel in his own best interest due to the difficulty of establishing the prerequisites of his claim, namely, producing competent medical testimony to support same.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the decision is affirmed, without costs.