■ In the Matter of the Claim of JUDITH ALTES, Appellant, v PETROCELLI ELECTRIC COMPANY, Respondent. WORKERS' COM-

PENSATION BOARD, Respondent. [704 NYS2d 372] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 18, 1998, which ruled that the death of claimant's decedent did not arise out of and in the course of his employment and denied claimant's claim for workers' compensation death benefits.

Claimant's decedent, who sustained a work-related injury in 1986, committed suicide ·in 1994. Claimant filed a claim for workers' compensation death benefits alleging that decedent's death was a result of a psychological condition caused by the work-related injury. In denying the claim, the Workers' Compensation Board concluded that there was no causal relationship between decedent's death and the prior work-related injury. This appeal by claimant ensued.

Experts for both claimant and the employer testified and generally agreed that claimant's suicide was the direct result of his severe depression. The experts differed, however, with regard to the causal relationship between the severe depression and the prior work-related accident. Significantly, in denying the claim, the Board did not base its decision on its author-. ity to resolve conflicts in expert opinions or to accept the testimony of the carrier's expert that decedent's depression was caused solely by factors other than the prior work-related accident, including a personality disorder, abusive childhood, substance abuse and marriage difficulties. Rather, the Board based its denial on the fact that the diagnosis of claimant's expert was severe depression, not derangement of the mind or psychosis, and that the expert opined "merely that the work related injury was a significant contributing factor in the deceased's emotional decline and ensuing suicide." The Board concluded that, even if accepted as correct, "[s]uch medical findings are insufficient to predicate a compensation claim for suicide."

We agree with claimant that the Board applied the incorrect legal standard. As we have previously stated, "death benefits may be awarded for a suicide where 'a work-related injury causes "insanity", "brain derangement" * * * or "a pattern of mental deterioration" * * * which in turn causes suicide' * * * and depressive reactions may qualify as 'brain derangement' permitting an award of death benefits" (*Matter of Kriete v Port Auth.*, 208 AD2d 1075, 1076 [citations omitted]; *see, Matter of Friedman v NBC Inc.*, 178 AD2d 774). Thus, the Board erred in determining that decedent's depressive illness was legally insufficient to sustain an award of benefits (*see, Matter of Miller v International Bhd. of Elec. Workers Local 631*, 237 AD2d 641).

The employer concedes that decedent's severe depression can serve as the basis for an award of death benefits, but contends that the Board actually exercised its fact-finding authority and concluded that there was no causal relationship between decedent's depression and the prior work-related injury. Upon review we find that the Board made no such finding, but instead concluded that medical evidence that the work-related injury constituted a significant contributing factor in decedent's emotional decline and ensuing suicide was insufficient to support an award of death benefits for suicide. Even in a suicide case, however, the rule is that "the causal relationship between an industrial accident and a resulting mental condition need not be direct and immediate" (*Matter of Friedman v NBC Inc.*, *supra*, at 775-776). It is sufficient that the industrial accident is a " 'contributing cause,' " even if it merely precipitated decedent's preexisting mental condition (*id.*, at 776). Based upon the Board's application of the incorrect legal standard, its decision must be reversed.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.