In the Matter of the Claim of NANCY MUSA, Appellant, v NASSAU COUNTY POLICE DEPARTMENT, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [714 NYS2d 545] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed February 5, 1999, which ruled that decedent's death did not arise out of and in the course of his employment and denied claimant's application for workers' compensation death benefits.

Decedent, a police officer, committed suicide at home on September 18, 1992. Claimant, decedent's widow, filed an application for workers' compensation death benefits alleging that decedent's suicide resulted from work-related stress caused by the employer's use of improper practices to reprimand decedent and prevent his promotion. After a hearing a Workers' Compensation Law Judge established accident, notice and causal relationship, and awarded claimant benefits. However, upon review by the Workers' Compensation Board, the Workers' Compensation Law Judge's decision was reversed and the case closed upon the Board's finding that decedent's suicide was precipitated by an underlying depressive condition unrelated to any stress experienced by decedent at work. Claimant appeals.

Claimant contends that the Board's decision is not supported

by substantial evidence because it was based in part upon the report of a medical expert whose testimony was precluded because of his failure to appear at the hearing. While we agree that the Board incorrectly relied upon the medical report in making the affirmative finding that decedent's depressive condition was not causally related to his employment (*see, Matter of Bozier v A & P Shopwell*, 263 AD2d 631, *lv dismissed* 94 NY2d 814), we nonetheless conclude that the Board's decision denying claimant's application for benefits should be affirmed.

It is well settled that workers' compensation death benefits may be awarded for a suicide only where the suicide results from insanity, brain derangement or a pattern of mental deterioration caused by work-related injury (*see, Matter of Kriete v Port Auth.*, 208 AD2d 1075; *Matter of Friedman v NBC, Inc.*, 178 AD2d 774, 775). Although decedent's alleged depressive condition may qualify as a "brain derangement" permitting an award of death benefits (*see, Matter of Kriete v Port Auth., supra*, at 1076), claimant still had the burden of establishing by competent medical proof that a causal relationship existed between decedent's employment and the depressive condition and resulting suicide (*see generally, Matter of De Salvo v Prudential Ins. Co.*, 248 AD2d 897; *Matter of Mitchell v New York City Tr. Auth.*, 244 AD2d 723, *lv denied* 91 NY2d 809).

Here, the only medical evidence offered by claimant on the issue of causation was that provided by decedent's treating psychologist. Although the psychologist testified that decedent's suicide was causally related to employment stress, the Board rejected this opinion finding that it was based upon information provided by claimant and her attorney following decedent's suicide rather than the psychologist's purported independent recollection of treating decedent five years earlier. While acknowledging that the Board may not reject an uncontroverted medical opinion and fashion an expert opinion of its own (*see, Matter of Knouse v Millshoe*, 260 AD2d 948), it is equally true that the Board is entitled to reject evidence as incredible, even if the evidence is the only proof offered on a particular issue (*see generally, Matter of McCabe v Peconic Ambulance & Supplies*, 101 AD2d 679, 680). Inasmuch as the Board found that the psychologist's opinion lacked evidentiary support in the record, the opinion had no probative value on the issue of causal relationship and the Board correctly declined to consider it (*see, Matter of Freitag v New York Times*, 260 AD2d 748, 749).

Accordingly, since the record contains no credible medical

proof to establish a causal relationship between decedent's suicide and his employment, the Board's decision denying claimant's application for benefits must be affirmed (*see*, *Matter of Rosen v First Manhattan Bank*, 202 AD2d 864, 865, *affd* 84 NY2d 856).

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.