■ In the Matter of the Claim of THOMAS P. KEELEY, Appellant, v JAMESTOWN CITY SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [744 NYS2d 561] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed June 4, 2001, which, inter alia, ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

Claimant, a teacher employed by respondent Jamestown City School District, was assigned to work at the School District's middle school sometime in 1988. In the summer of 1992, the middle school underwent substantial renovations, including repainting of walls and ceilings, replacement of doorways and installation of new carpeting. When claimant returned to work in September 1992, the renovations were not complete and he began to experience various symptoms including, inter alia, tingling and numbness in his extremities, burning eyes, sinus congestion, fatigue, muscle cramps, fluctuations in body temperature and irritability. In October 1992, he sought medical

attention for these symptoms and stopped working. The School District subsequently filed a C-2 form indicating that claimant's disability was due to claimed exposure to chemicals at the middle school. Following various hearings, a Workers' Compensation Law Judge disallowed the claim and the Workers' Compensation Board affirmed, concluding that claimant failed to sustain his burden of proving a causal relationship between his disability and his employment. This appeal ensued.

We affirm. It is well settled that "[t]he burden of establishing a causal relationship between employment and a disability rests with the claimant, who must do so by competent medical evidence" (*Matter of Mitchell v New York City Tr. Auth.*, 244 AD2d 723, 723, *lv denied* 91 NY2d 809; *see, Matter of Musa v Nassau County Police Dept.*, 276 AD2d 851, 852). Here, the record reveals that after returning to work in September 1992, claimant was exposed to, inter alia, carpet adhesives containing toxic chemicals. In fact, due to problems with the ventilation system in the building, it was closed during most of November 1992. However, the physician who initially examined claimant in October 1992 was unable to arrive at a firm diagnosis. Moreover, there was evidence that claimant had intermittently suffered from many of these same symptoms since 1988 and that he exhibited a recurrence of these symptoms when using certain household cleaners even after discontinuing his employment at the middle school.

While certain medical experts diagnosed claimant with toxic peripheral neuropathy, toxic encephalopathy and multiple chemical sensitivity and opined that his medical problems were causally related to his exposure to chemical solvents at work during September 1992, contrary opinions were expressed by other medical experts. It was the province of the Board to weigh such conflicting medical opinions (*see, Matter of Mitchell v New York City Tr. Auth., supra* at 723; *Matter of Morrell v Onondaga County*, 238 AD2d 805, 806, *lv denied* 90 NY2d 808). Accordingly, we conclude that substantial evidence supports the Board's finding that claimant failed to satisfy his burden of proving that his disability was causally related to his employment even though there is evidence in the record which would support a contrary result (*see, Matter of Ceselka v Kingsborough Community Coll.*, 281 AD2d 842, 843; *Matter of Nicholson v Mohawk Val. Community Coll.*, 274 AD2d 677, 678). Absent a causal relationship, we need not address claimant's assertion that the circumstances of his exposure constituted an accident within the meaning of the Workers' Compensation Law.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.