■ In the Matter of the Claim of JOAN A. ROGERS, Appellant, v COMMUNITY HEALTH CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [750 NYS2d 179] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed December 6, 2000, which ruled that claimant did not sustain a causally related disability and denied her claim for workers' compensation benefits.

Claimant sustained a work-related back injury in February 1992 and shortly thereafter resigned her position as a home health aide with the employer. In January 1994, she filed a claim for workers' compensation benefits, claiming that she was permanently partially disabled as the result of the work-related injury. The employer did not have claimant examined by an expert and, therefore, the medical evidence in the record consists entirely of medical reports and records submitted by claimant. Nevertheless, the Workers' Compensation Board concluded that there was insufficient medical evidence of causally related permanency to permit the claim to proceed and the case was closed.* Claimant appeals.

Relying on the presumption that her medical reports constituted prima facie evidence of their contents (*see* Workers' Compensation Law § 21 [5]) and the general rule that the Board may not reject unanimous medical opinion and draw its own conclusion as to causation (*see Matter of Doersam v Oswego County Dept. of Social Servs.*, 171 AD2d 934, 936, *affd* 80 NY2d 775), claimant contends that the Board erred in closing the case. Our review of the medical reports, however, discloses that the opinions regarding the existence of a causally related permanent disability lacked not only unanimity, but also contain significant discrepancies. For example, two of claimant's treating physicians described her back condition as degenerative and concluded that they could not determine whether it was work related. A chiropractor who reported that claimant had a causally related partial disability listed the

---

* The Board's decision was without prejudice and noted that the case would be reopened if claimant submitted additional clarifying medical evidence.

date of disablement as September 1988, long before the accident upon which the claim is based. A second chiropractor found claimant to have an unspecified level of partial disability which he attributed to multiple exacerbations from lifting patients at work during the period from 1988 to 1992, with no attempt to specifically correlate some level of partial disability to the February 1992 incident. Thus, it is apparent that the Board did not reject unanimous medical opinion and form its own opinion as to causation but, instead, appropriately exercised its authority to conclude that claimant's medical evidence lacked sufficient probative value on the issue of causation (*see Matter of Musa v Nassau County Police Dept.*, 276 AD2d 851, 852). Accordingly, its decision should be affirmed.

Claimant's arguments addressed to the full Board review of the Board panel decision were not preserved by this appeal from the Board panel decision.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.