■ In the Matter of the Claim of JAIME AHERIN, Appellant, v COUNTY OF ONONDAGA et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [761 NYS2d 398] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed January 9, 2001, which ruled that decedent's death was not causally related to a prior compensable injury and denied claimant's application for workers' compensation death benefits.

In December 1995, claimant's spouse (hereinafter decedent) injured his back during the course of his employment at the Onondaga County Highway Department. Following his injury, he came under the care of various medical providers but continued to suffer physical problems that prevented him from

returning to work. In January 1998, he committed suicide. Claimant filed for workers' compensation death benefits alleging that decedent's death was causally related to his work injury. A Workers' Compensation Law Judge awarded claimant benefits. The Workers' Compensation Board, however, reversed, finding no causal connection between decedent's death and his prior work-related injury. Claimant appeals.

Death benefits may be appropriate when a work-related injury causes insanity, brain deterioration or a pattern of mental deterioration that contributes to a suicide (*see Matter of Musa v Nassau County Police Dept.*, 276 AD2d 851 [2000]; *Matter of Altes v Petrocelli Elec. Co.*, 270 AD2d 767 [2000]; *Matter of Friedman v NBC, Inc.*, 178 AD2d 774 [1991]). The burden of establishing the requisite causal link by competent medical proof rests upon the claimant (*see Matter of Musa v Nassau County Police Dept., supra* at 852; *see also Matter of Keeley v Jamestown City School Dist.*, 295 AD2d 876, 877 [2002]). While the Board cannot substitute its opinion in place of an uncontroverted medical opinion that is supported by evidence in the record, the Board is not required to accept an opinion that lacks an evidentiary base (*see Matter of Musa v Nassau County Police Dept., supra* at 852; *cf. Matter of O'Malley v Consolidated Edison Co.*, 301 AD2d 814, 815 [2003]).

Here, claimant relied solely upon the report of Lawrence Hurwitz, a psychiatrist. Hurwitz never treated decedent, but based his opinion upon his review of decedent's medical records and correspondence written by claimant. Claimant's correspondence to one of decedent's treating doctors written after decedent's death does not provide a proper basis for a medical opinion (*see Matter of Musa v Nassau County Police Dept., supra* at 852). The medical reports in the record and upon which Hurwitz relied reveal that, although decedent was treated by numerous physicians, the many medical records from those treating physicians do not indicate that decedent suffered from depression or any other significant mental infirmity. Decedent did receive a prescription for medicine that is sometimes used in treating depression, but the medical records reflect that it was given to help him sleep. The Board discussed in detail the medical evidence in the record and found the proof insufficient to support an opinion of a pattern of mental deterioration. Review of the record confirms that the opinion in Hurwitz's report is based on speculation rather than relevant evidence in the record and, thus, the Board did not err in rejecting it.

Claimant further alleges that the Board's determination is invalid pursuant to Workers' Compensation Law § 142 (2) because there was not an attorney on the panel. Claimant has not indicated that she raised this argument at any time prior to the Board's determination. In light of such fact and the additional fact that the Board's determination was unanimous, we discern no reason to reverse since the statute provides that "the absence of an attorney on any panel shall not invalidate the order, decision or determination of a majority of the members of the panel if at least two affirmative votes are cast in favor of such action" (Workers' Compensation Law § 142 [2]; see Matter of Neal v Riverside Serv., 75 AD2d 932, 933 [1980]).

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.