Mercure, J.
Appeals (1) from a decision of the Workers’ Compensation Board, filed April 18, 2001, which, inter alia, ruled that claimant did not sustain a causally related injury and denied his claim for workers’ compensation benefits, and (2) from a decision of said Board, filed September 20, 2002, which denied claimant’s request for reconsideration or full Board review.
In 1994, Arben Construction Company employed claimant as an ironworker. Claimant asserts that on his last day of work, he injured his back and right leg when his foot went through a ramp with a missing plank. Following several hearings, a Workers’ Compensation Law Judge found that claimant did not sustain an industrial accident and disallowed his claim for benefits. The Workers’ Compensation Board affirmed and claimant appeals. The Board also denied claimant’s subsequent application for reconsideration or full Board review. Claimant appeals from that decision, as well.
Based upon our review of the record, we conclude that the Board’s decision is supported by substantial evidence. Although claimant and witnesses on his behalf initially asserted that he was injured on the night of August 10, 1994, his supervisor, project superintendent and Arben’s executive vice-president testified that claimant was laid off after the shift ending during the early morning of August 10, 1994. Claimant thereafter changed his testimony and stated that the accident occurred on August 9, 1994. There was also conflicting testimony regarding whether claimant informed his bosses of the accident, with his supervisor and project superintendent stating—in contradiction to claimant’s testimony—that claimant did not notify them. Moreover, while claimant averred that the accident prevented him from doing any work for pay or otherwise, Arben presented the testimony of an investigator who witnessed claimant doing *728 “welding, iron work, [and] construction,” along with a videotape of claimant performing those tasks.
In light of this contradictory testimony and given that the Board is the final judge of witness credibility (see Matter of Moore v J & R Vending Corp., 297 AD2d 887, 888 [2002]; Matter of Harris v Revere Copper Prods., 294 AD2d 792, 793 [2002]), we find no basis to disturb the Board’s decision. Contrary to claimant’s arguments, the medical reports and testimony of his chiropractor, which indicated that claimant suffered injury and is totally disabled, do not compel a contrary result. We observe that this evidence was belied by the videotape showing claimant involved in physically arduous work. In any event, the Board “is free to reject all or any portion of the medical evidence offered” (Matter of Mitchell v New York City Tr. Auth., 244 AD2d 723, 723 [1997], lv denied 91 NY2d 809 [1998]). Finally, we have reviewed claimant’s conclusory assertion that the Board’s decision denying reconsideration was arbitrary and capricious, and find that it is meritless.
Cardona, P.J., Crew III, Feters and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.