■ In the Matter of the Claim of BRENDA T. SMITH, Respondent, v CORNELL UNIVERSITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [908 NYS2d 472]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed April 9, 2009, which ruled that the death of claimant's decedent was causally related to his employment.

Decedent, a painter, sustained work-related injuries in 2000 and 2001. His workers' compensation claim arising out of the 2001 accident was established for a variety of ailments, one of which included consequential depression. In 2007, decedent committed suicide. Claimant, his wife, then filed the present claim for workers' compensation death benefits, asserting that his suicide arose from the injuries, chronic pain, and depression caused by the 2001 accident. A Workers' Compensation Law Judge granted the claim and, upon review, the Workers' Compensation Board affirmed. The self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) appeal.

We affirm. Workers' compensation death benefits may be awarded for a suicide if it "result[ed] from insanity, brain derangement or a pattern of mental deterioration caused by

work-related injury" (*Matter of Musa v Nassau County Police Dept.*, 276 AD2d 851, 852 [2000]; *see Matter of Aherin v Onondaga*, 307 AD2d 393, 394 [2003], *lv denied* 1 NY3d 501 [2003]). Depression can constitute such a brain derangement, but claimant bore the burden of submitting competent medical proof that causally connected decedent's depression, his suicide, and the 2001 accident (*see Matter of Musa v Nassau County Police Dept.*, 276 AD2d at 852; *Matter of Miller v International Bhd. of Elec. Workers Local 631*, 237 AD2d 641, 642 [1997]). Here, decedent's workers' compensation claim for the 2001 accident had previously been established for consequential depression, and decedent's treating psychiatrist confirmed that his disability and accompanying chronic pain led to his depression and, eventually, his suicide. Indeed, an independent medical examiner agreed that decedent's disability and pain contributed to his depression and suicide. As substantial evidence thus supports the Board's determination, we perceive no basis upon which to disturb it.

The employer also asserts that other factors contributed to decedent's suicide and severed the causal link between decedent's 2001 injuries and his suicide. A compensable accident need only be a contributing cause of a resulting mental injury, however, and the Board appropriately found that a sufficient causal relationship existed between the 2001 accident and decedent's depression and suicide (*see Matter of Altes v Petrocelli Elec. Co.*, 270 AD2d 767, 769 [2000]; *Matter of Friedman v NBC Inc.*, 178 AD2d 774, 775-776 [1991]).

Mercure, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.