*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                518139
_____

In the Matter of the Claim of
    WORRELL BAILEY,
                    Respondent,

            v                              MEMORANDUM AND ORDER

BEN CICCONE, INC., et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  May 28, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Devine, JJ.

                     _____


        Hamberger & Weiss, Rochester (Ronald E. Weiss of counsel),
for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for Workers' Compensation Board,
respondent.

                     _____


Rose, J.

        Appeals from a decision and an amended decision of the
Workers' Compensation Board, filed October 25, 2012 and March 21,
2013, which, among other things, directed the employer's workers'
compensation carrier to make a deposit into the aggregate trust
fund pursuant to Workers' Compensation Law § 27 (2).

        In a prior decision, this Court affirmed an award of
benefits to claimant, who developed consequential neuromuscular
disease and an anxiety disorder after contracting Lyme disease

during the course of his employment (104 AD3d 1017, 1017-1018 [2013]).  The Workers' Compensation Board has since classified claimant as permanently totally disabled as a result of his work-related injury and directed the employer's workers' compensation carrier to deposit the present value of unpaid benefits, $341,123.64, into the aggregate trust fund.  The employer and carrier (hereinafter collectively referred to as the employer) appeal.

We affirm.  The employer argues that the Board erred by imposing a mandatory, rather than discretionary, deposit into the aggregate trust fund because claimant was not classified with a statutory permanent total disability under Workers' Compensation Law § 15 (1).  The employer concedes, however, that it did not raise this issue either before the Workers' Compensation Law Judge or in its initial application for review by the Board panel, and the Board did not address it.  While the employer did raise the issue in an application for rehearing and/or full Board review, a party's arguments addressed to full Board review are not preserved by its appeal from a Board panel decision (see Matter of Rogers v Community Health Ctr., 299 AD2d 604, 605 [2002], lv denied 99 NY2d 508 [2003]).  Nor does the appeal from the amended decision  bring the issue up for review.  Rather, our review of that decision is limited to determining whether the denial of full Board review was arbitrary and capricious (see Matter of Barone v Interstate Maintenance Corp., 73 AD3d 1302, 1303 [2010]; Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d 795, 795-796 [2009], appeal dismissed 13 NY3d 899 [2009]), an issue that has not been addressed in the employer's briefs.

Peters, P.J., Lahtinen, Garry and Devine, JJ., concur.

ORDERED that the decision and amended decision are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court