Matter of Delacruz v Incorporated Vil. of Freeport (2019 NY Slip Op 06832)





Matter of Delacruz v Incorporated Vil. of Freeport


2019 NY Slip Op 06832


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

527471

[*1]In the Matter of the Claim of Christian Delacruz, Appellant,
v
Incorporated Village of Freeport et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 5, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


The Chase Sensale Law Group, LLP, Hauppauge (Joseph F. Sensale of counsel), for appellant.
Goldberg & Segalla LLP, Buffalo (Cory A. DeCresenza of counsel), for Incorporated Village of Freeport and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed February 28, 2018, which ruled, among other things, that decedent's death was the result of her deliberate intention to injure herself and disallowed claimant's claim for workers' compensation death benefits.
On December 22, 2016, decedent, a police officer who was on duty at the time, was found dead in her parked police car from a perforating gunshot wound to the head and brain. Decedent's death certificate indicates that the cause of her death was suicide from a self-inflicted gunshot wound. In February 2017, claimant, decedent's surviving spouse, filed an application for workers' compensation death benefits alleging that decedent was involved in a line-of-duty death. The claim was controverted, and, following a hearing, a Workers' Compensation Law Judge found that claimant sustained a work-related injury involving death, established the claim and awarded benefits. On administrative review, the Workers' Compensation Board reversed and disallowed the claim, finding that the cause of decedent's death was suicide from a self-inflicted gunshot wound and that there was no evidence that her suicide resulted from insanity, brain derangement or a pattern of mental deterioration caused by a work-related injury. This appeal ensued.[FN1]
We affirm. It is well settled that workers' compensation death benefits may not be awarded "when the injury has been solely occasioned . . . by wil[l]ful intention of the injured employee to bring about the injury or death of himself [or herself]" (Workers' Compensation Law § 10 [1]; see Matter of Mackenzie v Management Recruiters, 271 AD2d 822, 822 [2000], lv denied 95 NY2d 768, 768 [2000]). "When an unwitnessed or unexplained death occurs during the course of employment, [however,] there is a presumption of compensability" (Matter of Velano v Kingston Block & Masonry Supply, LLC, 173 AD3d 1517, 1518 [2019]; see Workers' Compensation Law § 21 [1]; Matter of Lavigne v Hannaford Bros. Co., 153 AD3d 1067, 1068 [2017]; Matter of Rasiej v Syska Hennesy Group Inc., 145 AD3d 1332, 1332 [2016]), and "it shall be presumed in the absence of substantial evidence to the contrary . . . [t]hat the injury [or death] was not occasioned by the willful intention of the injured employee to bring about the injury or death of himself [or herself] or of another" (Workers' Compensation Law § 21 [3]; see Matter of Mackenzie v Management Recruiters, 271 AD2d at 822; Matter of Hendry v National Biscuit Co., 285 App Div 1104, 1104 [1955]; Matter of McLaughlin v John Hancock Mut. Life Ins. Co., 282 App Div 782, 782 [1953]). If it is established by substantial evidence that death occurred by suicide, thereby overcoming the presumption of compensability, "death benefits may be awarded for a suicide only where the suicide results from insanity, brain derangement or a pattern of mental deterioration caused by [a] work-related injury" (Matter of Musa v Nassau County Police Dept., 276 AD2d 851, 852 [2000]; see Matter of Aherin v Onondaga, 307 AD2d 393, 393 [2003], lv denied 1 NY3d 501 [2003]; Matter of Miller v International Bhd. of Elec. Workers Local 631, 237 AD2d 641, 642 [1997]; Matter of Friedman v NBC Inc., 178 AD2d 774, 774 [1991]).
Contrary to claimant's contentions, the employer offered substantial evidence that decedent committed suicide (see Workers' Compensation Law § 21 [3]). Timothy Slevin, a detective who investigated decedent's death and observed her autopsy, stated that decedent died from a self-inflicted intra-oral gunshot wound to her head. Slevin reported that decedent's body was found in the driver's seat of her police car, and her service weapon was found on the driver's side floor. Slevin also reviewed the video surveillance of the scene, which depicted decedent exiting and re-entering her police car, with no civilians approaching the vehicle at the time of the incident. The testimony at the hearing also reflects that an accidental firing of decedent's service weapon was unlikely, as the assistant police chief testified that it would have been against protocol for decedent to remove her service weapon at the time in question and that her weapon's holster has a safety feature to prevent the service weapon from falling out of the holster or being removed by an unauthorized user. In our view, the foregoing constitutes substantial evidence to support the Board's determination that decedent's death was self-inflicted and willful and, therefore, the presumptions contained in Workers' Compensation Law § 21 (1) and (3) were overcome (see Matter of Mackenzie v Management Recruiters, 271 AD2d at 824; Matter of McLaughlin v John Hancock Mut. Life Ins. Co., 282 App Div at 782; compare Matter of Hendry v National Biscuit Co., 285 App Div at 1104).
We also find that substantial evidence supports the Board's determination that decedent's suicide did not result from insanity, brain derangement or a pattern of mental deterioration caused by a work-related injury. Initially, there is no record evidence that decedent sustained a work-related injury that affected her mental state. Moreover, the record reflects that decedent did not have a history of mental illness or substance abuse. Decedent's colleagues testified that she was an exemplary and capable police officer with no record of work-related disciplinary or psychological issues and that, at the time of her death, she was responding to a routine report of stolen Christmas lights. Although, in the days leading up to her death, decedent was apparently concerned that she could have been in trouble at work about her purported work-related involvement in a tow-truck business poaching issue, Slevin testified that decedent was informed otherwise by her colleagues. Further, the testimony that decedent had recently started marriage counseling and experienced some depression and/or stress during the holiday season does not establish the necessary causal relationship between decedent's employment and resulting suicide (see Matter of Musa v Nassau County Police Dept., 276 AD2d at 852). The Board, in the absence of any non-speculative evidence, was entitled to reject these theoretical explanations for decedent's unexplained suicide (see id.; Matter of Mackenzie v Management Recruiters, 271 AD2d at 824; Matter of Kriete v Port Auth. of N.Y. & N.J., 208 AD2d 1075, 1077 [1994]). Accordingly, we discern no basis upon which to disturb the Board's decision to disallow the claim under Workers' Compensation Law § 10 (1) (see Matter of Aherin v Onondaga, 307 AD2d at 394; Matter of Musa v Nassau County Police Dept., 276 AD2d at 852-853; Matter of Kriete v Port Auth. of N.Y. & N.J., 208 AD2d at 1076-1077; compare Matter of Miller v International Bhd. of Elec. Workers Local 631, 237 AD2d at 642; Matter of Friedman v NBC Inc., 178 AD2d at 775-776).
Garry, P.J., Mulvey and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: In May 2018, claimant's application for full Board review was denied.