Matter of Meager v Saratoga County Sewer Dist. (2020 NY Slip Op 04222)





Matter of Meager v Saratoga County Sewer Dist.


2020 NY Slip Op 04222


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

530442

[*1]In the Matter of the Claim of Dee Ann Meager, Respondent,
v
Saratoga County Sewer District et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: June 10, 2020

Before: Garry, P.J., Clark, Mulvey, Aarons and Colangelo, JJ.


Stockton, Barker & Mead, LLP, Troy (Sean Weber of counsel), for appellants.
Buckley, Mendleson, Criscione & Quinn, PC, Albany (Brendan G. Quinn of counsel), for Dee Ann Meager, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed April 8, 2019, which ruled that decedent's death was causally related to his employment.
Decedent sustained a work-related injury to his head in May 2015 and his claim for workers' compensation benefits was thereafter established. On May 25, 2017, decedent was admitted to a psychiatric hospital after his family feared he had attempted suicide. He was discharged on June 1, 2017 and he died by suicide five days later. Claimant, his surviving spouse, filed the present claim for workers' compensation death benefits. A Workers' Compensation Law Judge (hereinafter WCLJ) granted the claim, and the Workers' Compensation Board affirmed. The employer and its third-party administrator (hereinafter collectively referred to as the employer) appeal.
We affirm. Initially, we reject the employer's contention that the Board violated Workers' Compensation Law § 23 by adopting the findings of the WCLJ without a statement setting forth the facts upon which it relied. Workers' Compensation Law § 23 provides that Board decisions shall include "a statement of the facts which formed the basis of its action on the issues raised." We have held, however, that where, as here, a Board decision adopts a WCLJ's finding of facts after an independent review of the record, the statutory requirement has been met (see Matter of Pereira-Jersey v Rockland Community Coll., 151 AD3d 1154, 1156 [2017]; Matter of Bonner v Brownell Steel, Inc., 57 AD3d 1329, 1329 [2008]).
Turning to the merits, "[i]t is well settled that workers' compensation death benefits may not be awarded 'when the injury has been solely occasioned . . . by wil[l]ful intention of the injured employee to bring about the injury or death of himself [or herself]'" (Matter of Delacruz v Incorporated Vil. of Freeport, 175 AD3d 1739, 1739-1740 [2019], lv denied 35 NY3d 902 [2020], quoting Workers' Compensation Law § 10 [1]; see Matter of Bell v Utica Corp., 306 AD2d 604, 606 [2003]). "[W]orkers' compensation death benefits may be awarded for a suicide only where the suicide results from insanity, brain derangement or a pattern of mental deterioration caused by work-related injury" (Matter of Musa v Nassau County Police Dept., 276 AD2d 851, 852 [2000]; see Matter of Delacruz v Incorporated Vil. Of Freeport, 175 AD3d at 1740; Matter of Smith v Cornell Univ., 77 AD3d 1007, 1007-1008 [2010], lv denied 16 NY3d 701 [2011]). In suicide cases, "the rule is that the causal relationship between an industrial accident and a resulting mental condition need not be direct and immediate. It is sufficient that the industrial accident is a contributing cause, even if it precipitated [the] decedent's preexisting mental condition" (Matter of Altes v Petrocelli Elec. Co., 270 AD2d 767, 769 [2000] [internal quotation marks and citations omitted]; see Matter of Smith v Cornell Univ., 77 AD3d at 1008).
Eugene Merecki, claimant's primary physician since 1996, testified that there was "a noticeable difference in [decedent's] personality, demeanor, . . . speech [and] ability to answer questions" following the May 2015 work injury. According to Merecki, decedent complained of headaches, ringing of the ears, changes in vision, somnolence and bedwetting in the years following the injury. Merecki acknowledged that decedent had preexisting mental health issues, and he opined that decedent's awareness of the inabilities and weaknesses that resulted from the 2015 injury, which impacted his ability to hold a job, "help[ed] promote and exacerbate his depression." Merecki found that decedent's suicide was "a direct result of [a] two year degradation of his mental status" and concluded that "there is a causal relationship between suicide resulting from depression which resulted from [decedent's] head injury." In contrast, the employer's medical expert attributed decedent's suicide to mental health issues that predated the 2015 injury, as well as psychosocial issues unrelated to the incident, and found no causal relationship between the work injury and decedent's death. The Board credited Merecki's opinion and, inasmuch as "[t]he Board is vested with the discretion to assess the credibility of medical proof and its resolution of such issues is to be accorded great deference, particularly with respect to issues of causation" (Matter of Manka v Goodyear Tire & Rubber Co., 123 AD3d 1172, 1173 [2014] [internal quotation marks, brackets and citation omitted], lv denied 25 NY3d 909 [2015]; see Matter of Kotok v Victoria's Secret, 181 AD3d 1146, 1148 [2020]), we find the Board's determination that decedent's suicide was causally related to his work injury to be supported by substantial evidence. As such, we will not disturb the Board's determination.
Garry, P.J., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.