Matter of Birro v Wolkow-Braker Roofing Corp. (2024 NY Slip Op 02111)

Matter of Birro v Wolkow-Braker Roofing Corp.

2024 NY Slip Op 02111

Decided on April 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 18, 2024

535730
[*1]In the Matter of the Claim of Joseph Birro Jr., Appellant,
v
Wolkow-Braker Roofing Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 11, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

The Perecman Firm, PLLC, New York City (Edward Guldi of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Wolkow-Braker Roofing Corp. and another, respondents.
David F. Wertheim, State Insurance Fund, Melville (Katherine Mason-Horowitz of counsel), for State Insurance Fund, respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed June 16, 2022, which ruled, among other things, that apportionment did not apply to claimant's workers' compensation award.
Claimant, a roofer, has two established claims for work-related injuries sustained while working for the employer — one in 2006 and the other in 2015. The 2006 claim stemmed from claimant sustaining injuries to his left knee and lower back after he slipped and fell in a stairwell, and the carrier for that claim was the State Insurance Fund. In 2008, the parties stipulated that claimant had sustained an 18.75% schedule loss of use award for his left leg, and claimant was awarded benefits. By all accounts, claimant continued to work following this incident — albeit initially with restrictions. The 2015 claim — again the result of a fall at work — was established for injuries to claimant's left knee, left ankle and back, and the carrier for that claim was New Hampshire Insurance Company. Claimant underwent separate surgeries on his left knee and lumbar spine in 2016 and, in 2018, was classified as permanently partially disabled with a 59% loss of wage-earning capacity and was awarded benefits.
In 2018 and 2019, claimant was evaluated by two independent medical examiners and, following their respective depositions, a Workers' Compensation Law Judge (hereinafter WCLJ) apportioned liability equally between the 2006 and 2015 claims. The Workers' Compensation Board rescinded the WCLJ's decision based upon inadequacies and/or defects in the respective medical opinions offered and directed the parties to produce clarifying evidence on the issue of apportionment. In response, the only opinion tendered was that of the orthopedic surgeon who reviewed claimant's medical records on behalf of New Hampshire. Based upon that opinion, the WCLJ apportioned 80% liability to the 2006 claim and 20% liability to the 2015 claim. Upon the employer and New Hampshire's application for review, the Board, as relevant here, modified the WCLJ's decision, finding that apportionment between the two claims was inapplicable and that liability remained with New Hampshire as the carrier responsible for the 2015 claim. This appeal by claimant ensued.[FN1]
Claimant's sole argument upon appeal is that the Board erred in rejecting the only medical opinion offered on the issue of apportionment. Apportionment of a workers' compensation claim presents a factual issue for the Board to resolve, and its resolution of that issue, if supported by substantial evidence, will not be disturbed (see Matter of Diamond v Warren County Sheriff's Off., 206 AD3d 1411, 1412-1413 [3d Dept 2022]). Although claimant is correct that "the Board cannot substitute its opinion in place of an uncontroverted medical opinion that is supported by evidence in the record" (Matter of Aherin v Onondaga, 307 AD2d 393, 394 [3d Dept 2003], lv denied 1 NY3d 501 [2003]), it is equally clear that "the Board is not bound to accept the opinion of [*2]any expert" (Matter of Yearwood v Long Is. Univ., 210 AD3d 1256, 1257 [3d Dept 2022]) and may reject an expert medical opinion if it is incredible, speculative or lacks evidentiary support in the record — even if such opinion/evidence is the only proof offered on a particular issue (see Matter of Savage v American Home Care Supply, LLC, 132 AD3d 1047, 1048 [3d Dept 2015]; Matter of Jaquin v Community Covenant Church, 69 AD3d 998, 1000 [3d Dept 2010]; Matter of Bradley v US Airways, Inc., 58 AD3d 1043, 1044-1045 [3d Dept 2009]; Matter of Dechick v Auburn Correctional Facility, 38 AD3d 1094, 1095 [3d Dept 2007]; Matter of Rogers v Community Health Ctr., 299 AD2d 604, 605 [3d Dept 2002], lv denied 99 NY2d 508 [2003]; Matter of Musa v Nassau County Police Dept., 276 AD2d 851, 852 [3d Dept 2000]).
Contrary to claimant's assertion, the Board did not fashion its own opinion but, rather, rejected the apportionment percentages assigned by the physician who reviewed claimant's records on behalf of New Hampshire because the physician's conclusions were not borne out by the record. Specifically, the Board found that the physician failed to account for, among other things, the fact that claimant continued to work after the 2006 injury (and indeed was actively working at the time of the 2015 incident), that the most recent medical evidence relative to the 2006 claim was a 2010 report from claimant's treating chiropractor, which reflected that claimant was temporarily disabled and was continuing to work with certain lifting restrictions, and that claimant did not undergo surgery for his back and knee until after the 2015 incident. The absence of further documented medical treatment relative to the 2006 claim, the Board concluded, undercut the physician's testimony that claimant experienced "significant ongoing problems prior to the work accident of 2015" and rendered the physician's opinion as to apportionment incredible. As the Board explained its rationale for rejecting the physician's opinion and such rejection, in turn, is supported by substantial evidence in the record, the Board's finding that apportionment was not warranted should be affirmed (cf. Matter of Hughes v Mid Hudson Psychiatric Ctr., 197 AD3d 1376, 1377 [3d Dept 2021]; Matter of Cox v Suburban Propane, LP, 179 AD3d 1425, 1427 [3d Dept 2020]; Matter of Whitney v Pregis Corp., 175 AD3d 1731, 1732 [3d Dept 2019]).
Clark, J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The employer and New Hampshire's prior appeal to this Court was dismissed in January 2023 for failure to perfect.