■ In the Matter of the Claim of GRANT BROWN, Respondent, v. MOBIL OIL COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. — A self-insured employer appeals from a nonunanimous decision and award of the Workmen's Compensation Board which affirmed a decision by a Referee in a heart case. The claim was controverted upon the grounds that claimant did not sustain an accidental injury arising out of and in the course of employment and failed to give the requisite statutory written notice of injury. The board's memorandum decision stated: " After review of all the facts and circumstances herein, the claimant's history of accident, the history given to the physician who attended him, the majority members of the Panel find that there is substantial evidence in this record to find that claimant sustained an accidental injury in the nature of a myocardial infarction arising out of and in the course of his employment." The board's function upon review is to weigh the evidence and to give effect to its preponderance whereas our judicial power upon appeal is limited to the application of the substantial evidence test to its findings. The misconception of its duty and its assumption of ours manifested by the above-quoted finding of the board deprived the employer of procedural due process and mandates reversal and remittal. (*Matter of Bosco* v. *General Elec. Co.*, 3 A D 2d 781; *Matter of Bochkarev* v. *Henry's Landscaping Serv.*, 10 A D 2d 398, 400; *Matter of Nolette* v. *Chase*, 11 A D 2d 821.) The board excused the failure to give notice of injury on the ground that the employer had not been prejudiced thereby. Since the board did not expressly predicate its finding of no prejudice on immediate knowledge of the accident, of which there was some evidence, as well as upon immediate medical treatment, the case is also remitted to the board for reconsideration of its findings in this respect and in respect of the weight of the evidence of industrial accident and for such other proceedings, if any, as it may be advised. Decision reversed and the matter remitted to the board for further proceedings, with costs to appellant against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.