■ In the Matter of the Claim of KATHE HANDLER, Respondent, v. HENRY M. TATERKA et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal by the employer and carrier from a decision of the Workmen's Compensation Board reversing the decision of a Referee which established liability against the Special Fund and directing the carrier to reimburse the Special Funds Conservation Committee for payments made by the committee and establishing liability against the carrier. The claimant sustained an injury on December 3, 1951. On May 20, 1958, the board received a letter from the claimant asking that the case be reopened, that she receive medical care and stating that she had changed her employment to a part-time job where she was not required to do heavy lifting. She was advised by the board on June 24, 1958, to contact the carrier to obtain authorization for medical treatment. She testified that the carrier told her that it was not liable. The board found that the letter submitted indicated "request not only for treatment, but a claim for reduced earnings" and that the letter constituted an application to reopen the claim and was received within seven years after the date of the accident. It therefore found that the Special Fund was not liable but that the claim continued as the carrier's responsibility. On its face the letter supports the construction the board has placed upon it. The appellant also urges that there should be reversal because, after the Referee originally discharged the carrier from liability and held the Special Fund responsible, several hearings were subsequently held at which time the carrier was not on notice and did not appear. At the conclusion of those hearings the Referee rendered a decision and made an award of reduced earnings against the Special Fund. Testimony was taken at the hearings. The carrier alleges prejudice. However, although it was the Fund and not the carrier which made the application for review, the carrier received notice and in fact appeared and was heard before the panel. If the appellant carrier, the respondent before the board, wished to introduce evidence or recall witnesses for cross-examination as to the matters before the Referee during the hearings held by him after the appellant's discharge by him from liability, it had a minimal obligation to ask the board to remit for that purpose (cf. *Matter of Bakke* v. *Bushey & Son,* 5 A D 2d 909, 910). Moreover, subdivision (e) of rule 5 of the Rules and Procedures of the Workmen's Compensation Board provided: "In claims involving the Special Fund under Section 25-a the Referee shall take all testimony and develop the record without making any decision or recommendation, and thereafter refer the completed record to the Board for decision, in accordance with the provisions of said section." The employer, charged with knowledge of this rule, and hence being aware that the board would not consider an application to review the Referee's decision prior to the conclusion of the testimony, could at its option have remained in the case and requested notices of further hearings. Decision affirmed, with costs to respondent Special Fund. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.