■ In the Matter of the Claim of PETER ITALIANO, Respondent, v MOBIL OIL CORPORATION, Appellant, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 25, 1974, which modified a referee's decision by charging the self-insured employer with liability for the award to the claimant herein and excusing the special fund for reopened cases. Claimant, Peter Italiano, was employed as a station

attendant by the Mobil Oil Corporation when, on August 25, 1964, he injured his neck while lifting the hood of an automobile. As a result of this injury, he was awarded compensation for the period from October 6, 1964 to November 22, 1964 and the case was then closed. Thereafter, he submitted a C-3 employee's claim for compensation, dated August 28, 1969 and filed September 12, 1969, wherein he sought further compensation for disability resulting from this same 1964 injury because of the possibility of future hospitalization and surgery. Ultimately, such surgery was performed in 1973 and an award of compensation was made to claimant for the period from March 6, 1973 to August 17, 1973 by a referee's decision dated January 11, 1974. As noted above, the board modified this decision by discharging the special fund for reopened cases and holding the self-insured employer liable for claimant's award. On this appeal, the self-insured employer questions the propriety of the discharge of the special fund, but we find that the board's determination must be affirmed. The provisions of section 25-a of the Workmen's Compensation Law shifting liability to the special fund are inapplicable where a claimant applies to reopen his case within seven years of an accident (Matter of Ludgen v Jamestown Asphalt Paving Materials Corp., 257 App Div 881), and there is no requirement that the application be submitted in any particular form as long as it sets forth sufficient facts to establish its purpose (Matter of Finkle v Cushing Stone Co., 278 App Div 250, mot for lv to app den 278 App Div 985, mot for lv to app den 303 NY 1012). Here, only about five years after his neck injury, claimant submitted a C-3 form, which even appellant admits may be considered an application to reopen, and it clearly seeks further compensation based upon his 1964 injury. Such being the case, since it is the date of the application to reopen and not the date of treatment which is controlling (Matter of Handler v Taterka, 22 AD2d 741, mot for lv to app den 15 NY2d 483; Matter of Ludgen v Jamestown Asphalt Paving Materials Corp., supra), the board was justified in discharging the special fund and its determination must be affirmed. Decision affirmed, with costs to the special fund for reopened cases. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.