■ In the Matter of the Claim of HANS ASH, Respondent, v NATIVE LACES & TEXTILES CO. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 31, 1980, which found that liability for workers' compensation benefits rested with the employer's carrier and discharged the Special Fund for Reopened Cases. Early in 1971, claimant suffered a compensable injury to his right knee while working for appellant Native Laces & Textiles Co. Because of recurring problems, knee surgery was performed in 1974 and once again claimant received compensation. Later that year, he advised the board that additional surgery was scheduled and that operation was performed in September, 1974. In July of 1975, the board held a hearing, made an award and the case was closed. In a letter to the board captioned "Notice of Appeal", claimant, dissatisfied with the outcome, challenged the award and the board reopened the case. On April 8, 1976, the case was again closed with a referee's finding that "[c]arrier to review file and pay unpaid causally related bills". By letter dated April 12, 1976, claimant advised the board that he was "appealing the decision of a hearing held on April 8, 1976" and recited various reasons, including inadequacy of the award and the need for further treatment, for having the case restored to the calendar. The board took no action, but responded by notifying claimant to submit any future medical bills to the board for consideration. Later in 1976, the board received the first of several narrative reports from claimant's doctor, detailing the condition of the knee. In May, 1979, the board once again reopened the case and, after a hearing, liability was imposed on the special fund under section 25-a of the Workers' Compensation Law. Upon appeal, the board reversed that determination and discharged the special fund from liability. The employer and its carrier now question the board's decision. If claimant made application for compensation within seven years of the date of the injury and three years of the date of the last payment of compensation, liability rests upon the carrier, otherwise the special fund is responsible (Workers' Compensation Law, § 25-a). We affirm. There is no requirement that the employee's application for compensation be in any particular form as long as it sets forth facts sufficient to establish its purpose (*Matter of Italiano v Mobil Oil Corp.,* 50 AD2d 638). Claimant's April, 1976 letter, filed well within the seven- and three-year periods, clearly seeks further compensation based on his 1971 injury and hence it was adequate. And since the board's decision to reopen was predicated not merely upon claimaint's doctor's 1979 report, filed after the seven-year period had expired, but also upon claimant's timely letter, its decision to reopen was justified. Inasmuch as there is substantial evidence in the record to support the board's decision to discharge the special fund, its

determination must be upheld. Decision affirmed, with costs to the Special Fund for Reopened Cases against the employer and its insurance carrier. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.