■ In the Matter of the Claim of TIMOTHY SULLIVAN, Respondent, v ZERWICK FOOD CORPORATION et al., Respondents, and UNINSURED EMPLOYERS FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed September 29, 1982. Claimant was injured on September 4, 1978 while an employee of Zerwick Food Corporation. The latter was insured for workers' compensation insurance by the St. Paul Fire & Marine Insurance Company (St. Paul). The critical issue on this appeal is the effective date of cancellation of the policy in question which was issued on March 10, 1978 and was to have expired on March 10, 1979. The board found "that the cancellation notice clearly indicates that the

_____

policy cancellation is effective April 10, 1978". The board further found that subdivision 5 of section 54 of the Workers' Compensation Law, dealing with giving notice of cancellation to the board and the employer, was complied with. This appeal by the Uninsured Employers Fund followed. It is well established that there must be strict compliance with the requirements of subdivision 5 of section 54 of the Workers' Compensation Law in order to cancel the policy (*Matter of Horn v Malchoff*, 276 App Div 683, mot for lv to app den 301 NY 814). The notice of cancellation must contain a definite date of cancellation. The standard of our review on this appeal is one of substantial evidence (*Matter of Conklin 'v Byram House Rest.*, 32 AD2d 582). To resolve the controversy, we must examine the notice of cancellation in light of these well-established principles. At the top of the cancellation form it states "notice of cancellation of nonrenewal". It thereafter states, "We hereby cancel the above mentioned policy issued to Zerwick Food Corporation on 1/24/78" and continues, "Effective 4/10/78 at 12:01 A.M. (Standard Time) we hereby cancel the above mentioned policy issued to Zerwick Food Corporation on 3/22/78 in accordance with the terms and conditions of the policy". While there is some confusion from a reading of the notice of cancellation as to the date the policy was issued, the notice does contain the proper number of the policy in question and is specific as to the day of cancellation, i.e., April 10, 1978. Although the testimony at the administrative hearing was not precise and was somewhat confusing, there was proof that the date of cancellation was April 10, 1978. Considering the record in its entirety and, particularly, the documentary proof, we are unable to conclude that it lacks substantial evidence to support the board's determination. Consequently, the determination should not be disturbed. Decision affirmed, with costs to respondent St. Paul Fire & Marine Insurance Company. Mahoney P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.