◼ In the Matter of the Claim of JAMES PITTMAN, Respondent, v POUGHKEEPSIE JOURNAL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J.

Claimant was working as a newspaper carrier for the Poughkeepsie Journal when he was injured in an automobile accident. He promptly notified the newspaper of the accident and his inability to complete his route. Thereafter claimant filed a workers' compensation claim which was contested by the newspaper and its insurance carrier on the ground that, *inter alia*, claimant was an independent contractor and not an employee of the newspaper. Following a hearing on the matter, the Workers' Compensation Board determined that the newspaper exercised sufficient direction and control over claimant's performance of his duties to give rise to an employer-employee relationship. This appeal ensued.

The record before us demonstrates that claimant signed an agreement to operate as a carrier for the newspaper within a specified territory. Pursuant to this agreement, claimant was provided with a list of subscribers within the area and was required to maintain the confidentiality of this list. The contract contains provisions which required the carrier to act promptly on subscribers' complaints and to promote and increase circulation. The contract also states that failure to fulfill these obligations could result in termination of the carrier's relationship with the newspaper. In addition, there was evidence that claimant was obligated to complete his deliveries by a certain hour and also that claimant was required to give the newspaper advance notice and identify any additional help or substitutes he might utilize. In our view, the foregoing factors are sufficient to support the Board's finding of an employer-employee relationship, notwithstanding that there was other evidence which would support a contrary conclusion *(see, e.g., Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682, *cert denied* — US —, 107 S Ct 2181; *Matter of Mid-Hudson Publ., Kingston Daily Freeman Div. [Roberts]*, 119 AD2d 959, 960, *lv denied* 68 NY2d 609).

We also note that the instant case is distinguishable from *Matter of Ted Is Back Corp. (Roberts)* (64 NY2d 725). The salespeople in that case, unlike claimant here, were free to work at their own convenience and were not limited to a particular territory. Accordingly, the Board could conclude that the newspaper exercised more than just incidental control over claimant's operation as a carrier. We also reject the contention that the Board failed to consider all the evidence presented. The Board's decision clearly shows that it was aware of all of the competing factors present in this case. Hence, the decision must be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.