■ In the Matter of the Claim of MARK CALDAS, Respondent, v 86 ALDA RESTAURANT, INC., et al., Respondents, and UNINSURED EMPLOYERS' FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed July 28, 1989, which ruled that the State Insurance Fund was not liable for the payment of compensation benefits to claimant.

On November 30, 1985, claimant sustained injuries in connection with his employment with Kilra, Inc. A hearing was conducted before a Workers' Compensation Law Judge (hereinafter WCLJ) for the purpose of determining whether the State Insurance Fund had effectively canceled its policy of workers' compensation insurance prior to the date of the injury. The undisputed facts adduced at the hearing are that the State Insurance Fund issued the subject policy to 86 Alda Restaurant, Inc. (hereinafter 86 Alda), trading as Corso, with Kilra, also trading as Corso, covered as an additional insured. On June 27, 1985, the State Insurance Fund issued a notice of cancellation for nonpayment of premium directed to 86 Alda, indicating that the cancellation applied to Kilra as well. Although the notice was mailed to 86 Alda at its last known address, the State Insurance Fund concedes that no notice of

cancellation was mailed to Kilra. Separate notices of cancellation as to 86 Alda and Kilra were filed with the Workers' Compensation Board. Based upon the foregoing, the WCLJ concluded that the State Insurance Fund properly canceled its policy of insurance pursuant to Workers' Compensation Law § 54 (5). The Board affirmed and the Uninsured Employers' Fund appeals.

In our view, the Board has failed to provide a decision sufficient for review, requiring that its determination be reversed (see, Matter of Montauk Improvement v Proccacino, 41 NY2d 913, 914). Workers' Compensation Law § 54 (5) provides that cancellation due to nonpayment of premium "shall not be effective until at least ten days after a notice of cancellation * * * shall be * * * served on the employer". In the absence of strict compliance with that statutory requirement, coverage is deemed to have continued (see, Matter of Sullivan v Zerwick Food Corp., 97 AD2d 584; Matter of Sarlo v Antona Trucking Co., 90 AD2d 611; Matter of Conklin v Byram House Rest., 32 AD2d 582, 583, affd 30 NY2d 657). Here, without explanation, the Board made a factual determination that Kilra was the employer and that no notice was mailed to it, in apparent violation of the statutory requirement, but concluded that cancellation was effective. In the absence of a discernible relationship between the Board's findings of fact and the conclusion reached by it, the decision is insufficient to permit intelligent review (see, Matter of Montauk Improvement v Proccacino, supra; Matter of Lamiano v Sousa & Sons, 158 AD2d 818; see also, Sierra Club v Army Corps of Engrs., 772 F2d 1043, 1051).

Further, it appears that the Board previously reached a contrary determination in Matter of D'Esposito v Luftek, Inc. (WCB No. 0812-0771), a case with facts indistinguishable from those present here. It is fundamental that "absent an explanation by the agency, an administrative agency decision which, on essentially the same facts as underlaid a prior agency determination, reaches a conclusion contrary to the prior determination is arbitrary and capricious" (Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 518; see, Matter of Martin [Troy Publ. Co.—Roberts], 70 NY2d 679, 681; Matter of Uniondale Union Free School Dist. v Newman, 140 AD2d 612). Here, the Board failed to explain its departure from its prior determination. Finally, contrary to the State Insurance Fund's argument, the Board decision in Matter of Semmel v Kartee, Inc. (WCB No. 2800-8941) is factually distinguishable.

Decision reversed, without costs, and matter remitted to the

Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.