■ In the Matter of the Claim of MARY A. PAOLUCCI, Appellant, v CAPITAL NEWSPAPERS, a Division of the HEARST CORPORATION, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [603 NYS2d 74] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed March 11, 1992, which ruled that claimant was not an employee and denied her claim for workers' compensation benefits.

Claimant was injured while performing her duties as an adult newspaper carrier for Capital Newspapers and she subsequently filed for workers' compensation benefits. After a hearing was held to determine claimant's employment status, a Workers' Compensation Law Judge found her to be an independent contractor, and disallowed her claim. The Workers' Compensation Board affirmed this decision and claimant appeals.

In support of its characterization of claimant as an independent contractor, the Board relied on the following factors: that claimant derived her earnings from the purchase of newspapers and their resale at a profit, that she was free to pick up the papers at any time after they were printed, and that she could determine the means of delivery, arrange for substitutes and handle customer complaints. Each of these factors was also present, however, in a prior case (Matter of Pittman v Poughkeepsie Journal, 140 AD2d 779, 780), in which the Board

held that an employer/employee relationship was present. In view of the substantial similarity between the facts of this case and those presented in *Pittman,* it was incumbent upon the Board to either follow the precedent established by its decision in the prior case or provide an explanation for its failure to do so *(see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 520). It has done neither.

As noted by the Workers' Compensation Law Judge (and the parties in their briefs), the Board has, in recent years, filed several decisions in which an adult carrier, operating under an arrangement essentially identical to that outlined here, was found to be an independent contractor. A review of these decisions—notably, *Shelly v Capital Newspapers* (WCB No. 59003495 [Dec. 26, 1990]), *Sager v Capital Newspapers* (WCB No. 59000773 [July 17, 1991]), and *Hughes v Capital Newspapers* (WCB No. 59002791 [Dec. 3, 1991])—reveal that at no time has the Board articulated any explanation for its departure from the *Pittman* holding. The Board's reliance upon these decisions, which arguably violate the principle announced in *Matter of Field Delivery Serv. (Roberts) (supra),* cannot provide justification for continued frustration of that principle.

Although our vetting of the record might uncover minor factual differences which could explain the Board's apparently contradictory holdings, it is not the province of this Court to provide the explanation required by *Field Delivery (see, Matter of Lafayette Stor. & Moving Corp. [Hartnett],* 77 NY2d 823, 826). There being sufficient factual similarities between the *Pittman* case and the matter at hand to require an explanation from the Board as to whether it made a conscious finding of dissimilarity or merely "overlooked or ignored its prior decision" *(Matter of Field Delivery Serv. [Roberts], supra,* at 520), a remittal for that purpose is dictated *(see, Matter of Caldas v 86 Alda Rest.,* 167 AD2d 594, 595-596).

Weiss, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.