■ In the Matter of the Claim of MARY A. PAOLUCCI, Respondent, v CAPITAL NEWSPAPERS, a Division of the HEARST CORPORATION, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. (And Three Other Related Claims.) [645 NYS2d 603] —Mercure, J. Appeals from four decisions of the Workers' Compensation Board, filed December 21, 1994, December 28, 1994, January 17, 1995 and May 25, 1995, which ruled that claimants are employees and awarded workers' compensation benefits.

Each of the claimants in these consolidated appeals filed a claim for workers' compensation benefits as the result of injuries sustained in connection with her duties as an adult newspaper carrier for Capital Newspapers, a Division of the Hearst Corporation (hereinafter the employer). In each case, the Workers' Compensation Board initially disallowed the claim upon a finding that the claimant was an independent contractor. The Board determination in the case of claimant Mary A. Paolucci was appealed to this Court, which reversed the Board's determination and remitted the matter for reconsideration in light of the Board's inconsistent decision in a prior case (*Matter of Paolucci v Capital Newspapers*, 197 AD2d 811). Specifically, this Court determined that the facts underlying the Board's determination in *Matter of Pittman v Poughkeepsie Journal* (140 AD2d 779) could not be meaningfully distinguished from those present in Paolucci's case or in the cases of claimants Virginia P. Shelly, Shawn Sager and Claudia G. Hughes and that, as a result, the Board was required to either make a finding of an employer/employee relationship, as it did in *Pittman*, or provide an explanation for its failure to do so (*Matter of Paolucci v Capital Newspapers*, *supra*, at 812; *see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520). On remittal, the Board reconsidered the cases of each of the claimants, reversed its position and found that each claimant was an employee within the meaning of the Workers' Compensation Law. The employer now appeals in each of the four cases.

We affirm. The records developed at the respective adminis-

trative hearings provide substantial evidence for the Board's findings, among others, that the employer required claimants to deliver the newspapers by a set hour each morning; that the employer fixed their territories and provided them with a route list containing specific instructions as to how they were to deliver newspapers to certain customers; that the employer handled customer complaints; and that the employer provided plastic bags and elastic bands for use in the distribution process. Those findings in turn provided adequate support for the Board's conclusion that, based on the degree of control exercised by the employer over the timing and method of claimants' delivery of newspapers, claimants were its employees within the meaning of the Workers' Compensation Law (see, *Matter of Pittman v Poughkeepsie Journal, supra*).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decisions are affirmed, with one bill of costs to claimants.