■ In the Matter of the Claim of DAVID H. ELLINGWOOD, Respondent, v LIBERTY GROUP PUBLISHING, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [833 NYS2d 274]—

Mercure, J.P. Appeal from a decision and two amended decisions of the Workers' Compensation Board, filed May 26, 2005, June 29, 2005 and March 9, 2006, which, inter alia, ruled that an employer-employee relationship existed between claimant's decedent and Liberty Group Publishing, Inc. and awarded claimant workers' compensation death benefits.

Claimant's son (hereinafter decedent), who delivered newspapers for Liberty Group Publishing, Inc., was killed in a motor vehicle accident in July 2003. The Workers' Compensation

Board thereafter determined that an employment relationship existed between decedent and Liberty, and that decedent's death arose out of and in the course of his employment. As such, the Board awarded claimant workers' compensation death benefits. Liberty now appeals and we affirm.

Initially, we reject Liberty's contention that the Board applied the incorrect standard of review. Although the Board suggested in its decision and first amended decision that it used a substantial evidence standard of review, the Board issued a second amended decision clarifying that such standard is to be used only by the courts when reviewing Board decisions. In any event, notwithstanding the Board's arguably misleading reference to the substantial evidence standard in its first two decisions, we are satisfied that, ultimately, the Board "weigh[ed] the evidence and . . . [gave] effect to its preponderance" (*Matter of Brown v Mobil Oil Co.*, 20 AD2d 833, 833 [1964]).

Turning to Liberty's claim that decedent was merely an independent contractor and not its employee, we note that whether an employer-employee relationship exists is a factual issue left for resolution by the Board and we must uphold its determination in that regard if it is supported by substantial evidence (*see Matter of Scimeca v American Overseas Express Intl., Inc.*, 27 AD3d 981, 982 [2006], *lv denied* 7 NY3d 707 [2006]; *Matter of Wald v Avalon Partners, Inc.*, 23 AD3d 820, 820 [2005]). Here, there is evidence that Liberty exercised a sufficient degree of direction and control over the timing and method of decedent's delivery of the newspapers such that the Board's finding of an employment relationship must stand (*see Matter of Paolucci v Capital Newspapers*, 229 AD2d 751, 752 [1996]; *Matter of Pittman v Poughkeepsie Journal*, 140 AD2d 779, 780 [1988]). Finally, we conclude that substantial evidence also supports the Board's finding that decedent's death arose out of and in the course of his employment (*see Matter of Tompkins v Morgan Stanley Dean Witter*, 1 AD3d 695, 696 [2003]; *Matter of Egloff v Ob-Gyn Assoc. of N. N.Y.*, 245 AD2d 965, 966 [1997]). The fatal accident occurred within the time frame that decedent was required to deliver the newspapers and at a location in the area of decedent's route. In light of the aforementioned evidence and the reasonable inferences that could be drawn therefrom, we will not interfere with the Board's factual determination, despite the existence of evidence in the record which could arguably support a contrary result (*see Matter of Pecora v County of Westchester*, 13 AD3d 916, 918 [2004]).

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision and amended decisions are affirmed, with costs to claimant.