■ In the Matter of the Claim of EDWARD A. JONES, Appellant, v GARDNER MOTORS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [846 NYS2d 451]—

Lahtinen, J. Appeals from two decisions of the Workers' Compensation Board, filed February 10, 2006 and October 20, 2006, which, among other things, modified claimant's prior award based on calculated reduced earnings.

Claimant suffered a compensable elbow injury in October 1997. In a decision filed in June 1999, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant with a permanent moderate partial disability and awarded him, among other things, compensation at the weekly rate of $243.73. Upon appeal by the employer, the Workers' Compensation Board, in a decision filed in June 2000, affirmed the determination and award, and claimant's case was closed.

On February 15, 2005, claimant filed a RFA-1 form requesting that his case be reopened in order to consider his reduced earnings. Finding that claimant had been working at reduced earnings, the WCLJ increased his weekly award retroactive to January 1, 2001, and ordered the workers' compensation carrier to continue weekly payments at a rate of $331.81. The carrier appealed, and the Board modified the decision of the WCLJ by rescinding the increased award for the period prior to claimant's filing of the RFA-1 form on February 15, 2005. A request for reconsideration or full Board review was denied and claimant now appeals.*

Claimant contends that two letters and accompanying payroll documentation he submitted to the Board in September 1999 and May 2003 were applications to reopen within the meaning of the Workers' Compensation Law (see Matter of Krajas v Chevy Pontiac Canada Group, 188 AD2d 829, 829 [1992]; Matter of Ash v Native Laces & Textiles Co., 85 AD2d 822, 822 [1981]; Matter of Italiano v Mobil Oil Corp., 50 AD2d 638, 639 [1975]). The two letters submitted to the Board by claimant made no mention of reduced earnings and, apart from a reference in the first letter that the records are being submitted "for consider-

* Although claimant also appealed the denial of his request for full Board review, claimant has failed to raise any issue with respect to the denial in his brief and, accordingly, we deem that appeal to have been abandoned (see Matter of Stromski v Jefferson Auto Body, 1 AD3d 643, 644 [2003]).

ation," request no action on the part of the Board. Such correspondence " 'should not be given a strained interpretation' " (*Matter of Hantz v Brightman Agency*, 29 AD3d 1098, 1100 [2006], quoting *Matter of Jones v HSBC*, 304 AD2d 864, 866 [2003]), and, consequently, we find that substantial evidence supports the Board's determination that claimant applied to reopen his claim on February 15, 2005.

Claimant's remaining contentions have been considered and found to be without merit.

Cardona, P.J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.