■ In the Matter of the Claim of THOMAS BONNER, Appellant, v BROWNELL STEEL, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [870 NYS2d 153]—

Mercure, J.P.

Claimant established a work-related injury in February 1998 and was paid workers' compensation benefits. Although claimant was also found to have produced prima facie evidence of consequential depression and anxiety, a Workers' Compensation Law Judge (hereinafter WCLJ) ultimately determined that claimant had not established either a further causally related disability or a consequential psychiatric disability, and closed the case. The Workers' Compensation Board affirmed, prompting this appeal.

We affirm. Initially, we conclude that the Board's decision, which adopted the WCLJ's findings of fact after an independent review of the record, sufficiently complied with Workers' Compensation Law § 23 (see Matter of Floyd v Millard Fillmore Hosp., 299 AD2d 610, 611-612 [2002]; Matter of Maliszewska v Dupuy, 289 AD2d 683, 684 [2001], lv denied 97 NY2d 612 [2002]). Moreover, the Board applied the proper standard of review in rendering its decision, "weigh[ing] the evidence and . . . [giving] effect to its preponderance" (Matter of Ellingwood v Liberty Group Publ., Inc., 38 AD3d 1108, 1109 [2007] [internal quotation marks and citation omitted]).

Next, we reject claimant's argument that the Board erred in refusing to consider his request to preclude the independent medical examination report of a psychiatrist who examined claimant on behalf of the workers' compensation carrier. Notably, this issue was not raised before the WCLJ, despite the fact

that the report was filed in 2003 and claimant's attorney cross-examined the psychiatrist concerning this report during a deposition in 2005. Inasmuch as the Board need not consider an issue that was not raised before the WCLJ, it cannot be said that the Board abused its discretion in refusing to reach claimant's assertions in this regard (*see* 12 NYCRR 300.13 [e] [1] [iii]; *Matter of Forte v City & Suburban*, 292 AD2d 738, 739 [2002]; *see also Matter of Hernandez v Excel Recycling Corp.*, 31 AD3d 1091, 1092 [2006]).

Turning to the merits, "[i]t is well settled that it is within the Board's discretion to resolve conflicting medical opinions" (*Matter of Pearson v Bestcare*, 48 AD3d 862, 863 [2008], *lv denied* 10 NY3d 715 [2008]). Here, the carrier's psychiatrist testified that claimant's responses during his examination were inconsistent with the conditions of depression or anxiety, and so exaggerated that he concluded that they were given by claimant in an effort to feign cognitive difficulties. Because the Board's determination that claimant had failed to establish a consequential psychiatric disability is supported by substantial evidence, it will not be disturbed, despite evidence in the record to support a contrary result (*see Matter of Hare v Champion Intl.*, 50 AD3d 1254, 1255 [2008], *appeal dismissed* 11 NY3d 863 [2008]; *Matter of Cullen v City of White Plains*, 45 AD3d 1167, 1168 [2007]).

Spain, Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.