■ In the Matter of the Claim of BRADLEY J. LeFEVER, Respondent, v CITY OF CORTLAND FIRE DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [886 NYS2d 244]—

Peters, J.P. Appeals (1) from a decision of the Workers' Compensation Board, filed October 17, 2007, which, among other things, ruled that claimant did not voluntarily withdraw from the labor market, and (2) from a decision of said Board, filed August 7, 2008, which denied the employer and third-party administrator's request for full Board review.

Claimant, a firefighter, suffered a compensable injury to his right elbow in 1999. The claim was later modified to include a consequential injury to claimant's left upper extremity and elbow, which was ultimately classified as a permanent partial disability in 2005. In the interim, claimant had stopped working after suffering a cardiac arrest that was unrelated to his work duties. His cardiac condition required the implantation of a defibrillator which disqualified claimant from performing his work duties, and he accordingly retired in 2003.

After the left elbow injury was classified as a permanent partial disability, claimant sought postretirement benefits, arguing that the injury affected his decision to retire. The Workers' Compensation Law Judge made such an award. Upon review, the Workers' Compensation Board agreed and the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) appeal.*

We affirm. Whether a claimant's retirement constituted a voluntary withdrawal from the labor market was a factual issue for the Board, and its determination will not be disturbed if substantial evidence in the record supports it (see Matter of Hayes v Nassau County Police Dept., 59 AD3d 831, 832 [2009]; Matter of Danussi v Chateaugay A.S.A.C.T.C., 56 AD3d 856, 856 [2008]). "Retirement is not voluntary if a compensable permanent partial disability was a factor that contributed to a claimant's decision to retire," even if, as here, a noncompensable condition also played a significant role in that decision (Matter of Bryant v New York City Tr. Auth., 31 AD3d 936, 937 [2006] [citations omitted]). Claimant here testified that he was

* The employer also appeals from the Board's denial of its application for full Board review, but we deem that appeal to have been abandoned given the employer's failure to raise any issue with respect to that denial in its brief (see Matter of Jones v Gardner Motors, 45 AD3d 1125, 1125 n [2007]).

having problems with his left elbow which affected his ability to work prior to his cardiac arrest, and he successfully applied for performance of duty disability retirement benefits based upon both his cardiac condition and arm injuries. In addition, claimant's left elbow injury has already required three surgeries and his orthopedic surgeon testified both that additional surgery would likely be required and that the condition would progressively worsen over time. As such, the Board's finding that claimant's decision to retire was partially based upon his compensable disability is supported by substantial evidence.

We have reviewed the employer's other arguments and, to the extent they are properly before us, find them to be without merit.

Spain, Rose, Kane and Stein, JJ., concur. Ordered that the decisions are affirmed, without costs.