■ In the Matter of the Claim of LISA CHIESA, Appellant, v STILLWATER CENTRAL SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [886 NYS2d 780]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed April 2, 2007, which ruled that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits.

Claimant, a schoolteacher, applied for workers' compensation benefits in 2002, claiming that she had been injured due to exposure to particulate matter released into the air as the result of an explosion that occurred on October 15, 2000 at a construction and asbestos abatement work site at a school in the Stillwater Central School District. Following hearings, a Workers' Compensation Law Judge disallowed the claim, finding, among other things, that claimant lacked credibility and failed to establish a causally related injury that stemmed from this accident. On review, the Workers' Compensation Board affirmed, prompting this appeal.

We affirm. "[T]he Board is the sole and final judge of witness credibility, and it alone can evaluate the factors relevant to determining whether the testimony of a party or witness is worthy of belief" (*Matter of McCabe v Peconic Ambulance & Supplies*, 101 AD2d 679, 680 [1984]; *accord Matter of Wilson v Southern Tier Custom Fabricators*, 51 AD3d 1228, 1229 [2008]). Here, claimant testified that the explosion at the school created a dust cloud, similar to that which occurred at the World Trade Center, which engulfed her classroom causing her and her students to be trapped for 15 minutes during which they were exposed to toxic particles. Claimant further testified that the explosion not only set off fire alarms which, in turn, caused the local fire department to respond, but also generated "pandemonium" and "panic" among those who were at the school.

The employer's witnesses—the district superintendent and the school principal—both clearly rebutted claimant's testimony, testifying that neither recalled an explosion that caused a dust cloud to engulf the school or any portion of it. Each denied being informed of such an incident or claimant's alleged injury until three years later when claimant filed her application for workers' compensation benefits. While claimant presented evidence that the fire department personnel responded to an alarm at the school, the department's incident report makes no mention of an explosion or any other problem at the school. Further, there is no testimony or affidavit in the record from any other

teacher, staff member or student substantiating claimant's assertions regarding the severity of the incident. Claimant testified that she resigned from her position the day after the incident, in part, because of injuries she claims to have sustained as a result of the explosion. However, her letter of resignation merely states that she is resigning for "personal reasons" and makes no mention of the accident or any injuries she claims to have suffered as a result of it. In addition, the principal testified that he requested claimant's resignation because of her poor performance in her teaching position.

Finally, although claimant presented evidence in the form of medical opinions from her treating physician and various specialists diagnosing her as suffering from causally related reactive airway dysfunction syndrome, these opinions were based in large measure on claimant's assertion that she was exposed to toxic particulates due to an explosion that had occurred at the school. In that regard, the employer's medical expert noted that claimant suffered from preexisting respiratory ailments and did not meet any of the criteria needed to establish a causally related respiratory illness. Based upon our review of the record, and mindful that "it is within the Board's discretion to resolve conflicting medical opinions" (*Matter of Pearson v Bestcare*, 48 AD3d 862, 863 [2008], *lv denied* 10 NY3d 715 [2008]; *accord Matter of Bonner v Brownell Steel, Inc.*, 57 AD3d 1329, 1330 [2008]), we find the Board's determination that claimant lacked credibility and did not establish a causally related injury to be supported by substantial evidence, and it will not be disturbed (*see Matter of Hernandez v Vogel's Collision Serv.*, 48 AD3d 861, 862 [2008]; *Matter of Papadakis v Volmar Constr., Inc.*, 17 AD3d 874, 875 [2005]).

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.