■ In the Matter of the Claim of SHINISE BENJAMIN, Appellant, v SPRINT/NEXTEL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [889 NYS2d 308]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed April 28, 2008, which ruled, among other things, that claimant did not sustain a further causally related disability.

In 2006, an air-conditioning duct struck claimant in the course of her employment, and her resulting claim for workers' compensation benefits was established for head and neck injuries. After extensive further proceedings, a Workers' Compensation Law Judge determined that claimant had not suffered a causally related back injury or psychiatric disability. Upon review, the Workers' Compensation Board affirmed, and claimant appeals.

We affirm. Dealing first with claimant's alleged back injury, she bears the burden of establishing a causal relationship between it and her employment, and "a medical opinion on the issue of causation must signify 'a probability as to the underlying cause' of the claimant's injury which is supported by a rational basis" (*Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d 920, 922 [2008], quoting *Matter of Paradise v Goulds Pump*, 13 AD3d 764, 765 [2004]; *see Matter of Norton v North Syracuse Cent. School Dist.*, 59 AD3d 890, 890-891 [2009]). Although there is some evidence in the record that claimant has a back condition, claimant's treating physician only opined that a variety of back problems "could" have been caused by the accident and failed to specify what condition actually caused claimant's pain or how the accident gave rise to it. As that opinion amounted to "mere surmise, or general expressions of possibility," the Board was free to reject it, even in the absence of contrary medical evidence (*Matter of Ayala v DRE Maintenance Corp.*, 238 AD2d 674, 675 [1997], *affd* 90 NY2d 914 [1997]; *see Matter of Bradley v US Airways, Inc.*, 58 AD3d 1043, 1044-1045 [2009]).

With regard to claimant's alleged psychiatric disability, the Board is vested with discretion to resolve conflicting medical opinions (*see Matter of Banner v Anheuser-Busch Cos., Inc.*, 59 AD3d 759, 760 [2009]; *Matter of Bonner v Brownell Steel, Inc.*, 57 AD3d 1329, 1330 [2008]). In this case, a psychiatrist who conducted an independent medical examination of claimant concluded that she did not suffer from any psychiatric disability.

As such, we find that the Board's determination that claimant did not suffer from a consequential psychiatric disability is supported by substantial evidence, notwithstanding medical evidence which would allow a different result (*see Matter of Bonner v Brownell Steel, Inc.*, 57 AD3d at 1330).

Lastly, as the Board properly found that claimant did not suffer a causally related back injury or psychiatric disability, its determination that claimant had no further causally related disability was supported by substantial evidence given the normal results of a number of tests conducted upon claimant's head and neck, and evidence that she had not suffered a neurological injury.

Peters, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.