■ In the Matter of the Claim of ROBERT C. EPP, Respondent, v CORTLAND CITY DPW et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [891 NYS2d 726]—

Cardona, P.J.

Claimant, a heavy equipment operator, allegedly injured his right knee while raking blacktop on July 31, 2006 and filed a claim for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) continued the case pending the deposition of claimant's treating physician, Linda Martin, which the parties were directed to complete and submit by May 18, 2007. The employer encountered difficulties in procuring Martin's testimony, prompting it to request an extension of time. The WCLJ indicated that the request would be held in abeyance pending receipt of an affirmation detailing, among other things, the employer's efforts to schedule the deposition. When no responding affirmation was tendered, the WCLJ issued a reserved decision establishing the claim, and a panel of the Workers' Compensation Board affirmed. The employer's subsequent request for reconsideration or full Board review was denied, prompting these appeals.

It is well settled that the assessment of witness credibility and the resolution of conflicting testimony lie within the exclusive province of the Board (see Matter of Chiesa v Stillwater Cent. School Dist., 66 AD3d 1085, 1086 [2009]; Matter of Wilson v Southern Tier Custom Fabricators, 51 AD3d 1228, 1229 [2008]; Matter of Hernandez v Vogel's Collision Serv., 48 AD3d 861 [2008]). Here, claimant testified that "something snapped in [his] knee" while raking blacktop on the morning in question and two of his coworkers, who were present when this occurred, essentially corroborated claimant's version of the events. Although the employer's witnesses attributed claimant's injury to a recent running mishap, which claimant denied, this presented a credibility determination for the Board to resolve.

As for the employer's request to depose Martin or, in the alternative, to strike her reports from the record, a review of the record reveals that the employer failed to comply with the procedure for requesting an extension outlined by the WCLJ, in that the various requests were neither timely nor in the form of an affirmation. Accordingly, the Board's decision ruling that claimant sustained a causally related injury to his right knee is affirmed (see Matter of Hicks v Hudson Val. Community Coll., 34 AD3d 1039, 1040 [2006]).

Finally, inasmuch as the employer failed to brief the denial of its application for reconsideration or full Board review, we deem that portion of the employer's appeal to be abandoned (*see Matter of LeFever v City of Cortland Fire Dept.*, 66 AD3d 1061, 1062 n [2009]).

Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.