■ In the Matter of the Claim of MARY A. ALM, Appellant, v NATURAL HEALTH FAMILY CHIROPRACTIC et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [926 NYS2d 708]—

Peters, J.P. Appeals (1) from a decision of the Workers' Compensation Board, filed February 26, 2009, which ruled that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits, and (2) from a decision of said Board, filed August 24, 2009, which denied claimant's request for reconsideration or full Board review.

In January 2008, claimant filed a claim for workers' compensation benefits alleging that the installation of new carpeting in

her workplace caused her to develop multiple chemical sensitivity. Following a hearing, a Workers' Compensation Law Judge disallowed the claim, finding that claimant's health condition was not causally related to her employment. Upon review, a panel of the Workers' Compensation Board adopted the findings of the Workers' Compensation Law Judge and affirmed. Claimant's application for full Board review was thereafter denied, and she now appeals.*

Claimant bears the burden of establishing a causal relationship between her employment and her disability (*see Matter of Keeley v Jamestown City School Dist.*, 295 AD2d 876, 877 [2002]). We accord deference to the Board's resolution of conflicting medical evidence and evaluation of witness credibility (*see Matter of Chiesa v Stillwater Cent. School Dist.*, 66 AD3d 1085, 1086 [2009]; *Matter of Duncan v John Wiley & Sons, Inc.*, 54 AD3d 1124, 1126 [2008]). Claimant's treating physician concluded that claimant had developed multiple chemical sensitivity as a result of the carpeting installation at the employer's premises in 2002. However, he was apparently not fully informed about other possible causes of claimant's symptoms, including the presence of mold and dust mites in her home. Moreover, the record, including claimant's own testimony, indicates that her symptoms began prior to the carpet installation, increased several years later in 2007, were most intense at night when she was in her home and failed to abate after she stopped working. Finally, the employer's expert examined claimant, reviewed the relevant medical records and concluded that her symptoms were not related to her employment. Accordingly, we find that the Board's determination denying her claim for benefits is supported by substantial evidence and we will not disturb it (*see Matter of Chiesa v Stillwater Cent. School Dist.*, 66 AD3d at 1087; *Matter of Keeley v Jamestown City School Dist.*, 295 AD2d at 877).

Spain, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the decisions are affirmed, without costs.

---

* Claimant has failed to address the decision denying her application for reconsideration or full Board review. Thus, we deem that appeal abandoned (*see Matter of Witkowich v SUNY Alfred State Coll.*, 80 AD3d 1099, 1099 n [2011]).