Kavanagh, J.
Appeal from a decision of the Workers’ Compensation Board, filed September 27, 2011, which, among other things, denied claimant’s request to amend her claims to include additional causally-related injuries.
In December 1993, claimant was found to have a compensable injury as the result of being diagnosed with causally-related bilateral carpal tunnel syndrome. Liability for the payment of this claim was subsequently transferred to the Special Fund for Reopened Cases. Fifteen years later, after being discharged from her employment at Ronco Communications, claimant, in 2009, established a new compensable injury (claim No. 2) based on a diagnosis of bilateral carpal tunnel syndrome, bilateral cubital tunnel syndrome and bilateral thoracic outlet syndrome (hereinafter TOS). Liability for claimant’s injuries was equally apportioned between the two claims. However, the Workers’ Compensation Law Judge (hereinafter WCLJ) found insufficient evidence to amend the claims to include double crush syndrome and cervical kyphosis, and limited the award to lost wages for a three-month period beginning in March 2009. Claimant appealed, and Ronco and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) appealed so much of the decision as awarded lost wages without providing the carrier with an opportunity to question claimant about her attachment to the labor market.
In September 2010, the WCLJ granted claimant the authority to treat with doctors in Colorado and directed the carrier and the Special Fund to pay all expenses incurred in connection with such treatment. The Special Fund appealed that decision, arguing that claimant’s request for such treatment had been properly denied. In that regard, the carrier subsequently declined to pay claimant’s travel expenses incurred in obtaining this treatment. As a result, the WCLJ, in November 2010, ordered that claimant be reimbursed $472 for such travel expenses. The carrier appealed that decision.
The Workers’ Compensation Board, in reviewing these decisions, held in September 2011, as relevant here, that (1) there was insufficient medical evidence to establish claims for double crush syndrome and cervical kyphosis, (2) the WCLJ erred by *1291 not allowing the carrier to question claimant about her attachment to the labor market, and (3) the carrier was not responsible for claimant’s out-of-state travel expenses. Claimant now appeals.
We affirm. To establish a claim for workers’ compensation benefits, a claimant bears the burden of proving that the injury was caused by his or her employment (see Matter of Maye v Alton Mfg., Inc., 90 AD3d 1177, 1178 [2011]; Matter of Alm v Natural Health Family Chiropractic, 85 AD3d 1500, 1501 [2011] ). While several physicians found that claimant was a “candidate” or had the “potential” for double crush syndrome, no definitive medical opinion was offered stating that she, in fact, suffered from that condition (see Matter of Benjamin v Sprint/Nextel, 67 AD3d 1277, 1278 [2009]; Matter of Shkreli v Initial Contract Servs., 55 AD3d 1067, 1068 [2008]).
Next, although claimant introduced medical evidence to establish cervical kyphosis and its possible relation to TOS, the carrier presented the testimony of a board-certified orthopedic surgeon who found, after examining claimant, that her neck condition was due to a nonoccupational degenerative disc disease. According deference to the Board’s assessment of a witness’s credibility, especially when presented with conflicting medical opinions, we find that substantial evidence exists to support that decision, even though there is record medical evidence that would support a contrary result (see Matter of Searchfield v Lowe’s Home Ctrs., Inc., 92 AD3d 1038, 1040 [2012]; Matter of Eaton v Dellapenna Assoc., 91 AD3d 1008, 1009 [2012]).
Further, while a claimant has the option to treat with an out-of-state physician, a carrier is not required to reimburse for related travel expenses unless the claimant demonstrates that similar treatment could not be obtained from a physician in New York (see Employer: New Is. Hosp., 2009 WL 2872127, *1-2, 2009 NY Wrk Comp LEXIS 13212, *3-4 [WCB No. 2000 7258, Aug. 27, 2009]; Employer: Town & Country Tile & Marble, 2003 WL 22437328, *4, 2003 NY Wrk Comp LEXIS 87263, *8-9 [WCB No. 0996 8547, Oct. 16, 2003]). Here, the carrier submitted evidence that two surgeons in Buffalo performed the type of surgery that claimant required and a local clinic was capable of performing the necessary diagnostic tests. As such, substantial evidence supports the Board’s decision that the carrier should not be required to reimburse for claimant’s out-of-state travel.
Finally, we have examined claimant’s remaining contentions, including her challenge to the Board’s determination to rescind the award of benefits in order to allow the carrier the op *1292 portunity to cross-examine her regarding her attachment to the labor market, and find that those issues are not properly before this Court (see Matter of Fetter v Verizon, 94 AD3d 1277, 1278 [2012]; Matter of McClam v American Axle & Mfg., 79 AD3d 1315, 1316 [2010]).
Peters, RJ., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.