*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 4, 2014          516033
_____

In the Matter of the Claim of
    AMARA B. SCHWARTZ,
                    Appellant,

        v

STATE INSURANCE FUND,                    MEMORANDUM AND ORDER
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  August 21, 2014

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____


        Amara B. Schwartz, Freeport, appellant pro se.

        Foley, Smit, O'Boyle & Weisman, Hauppauge (Warren J. Fekett
of counsel), for State Insurance Fund, respondent.

_____


McCarthy, J.P.

        Appeals (1) from a decision of the Workers' Compensation
Board, filed April 25, 2012, which ruled that claimant's alleged
cardiac conditions were not causally related to her established
claim, and (2) from a decision of said Board, filed May 2, 2012,
which, among other things, ruled that claimant was not entitled
to payment for intermittent lost time.

        In 2007, claimant was awarded workers' compensation
benefits based upon her claim that work-related stress caused her
to develop an adjustment disorder with mixed depressed mood and
anxiety and chronic emotional stress.  In 2008, claimant sought

to amend her claim to include causally-related cardiac conditions of hypertension, mitral and tricuspid heart valve insufficiency and an enlarged left atrium. Following hearings, the Workers' Compensation Law Judge concluded, among other things, that claimant had failed to demonstrate a further causally-related disability. Upon review, in a decision filed April 25, 2012, the Workers' Compensation Board affirmed. In a subsequent decision, filed May 2, 2012, the Board found, among other things, that claimant was not entitled to payment for intermittent lost time. Claimant appeals both decisions.

We affirm. Initially, contrary to claimant's contention, the record demonstrates that the independent medical examiner retained by the employer complied with the requirement of Workers' Compensation Law § 137 in submitting a copy of the request for information to the Board within 10 days of its receipt (see Workers' Compensation Law § 137 [1] [b]; see also 12 NYCRR 300.2 [d] [5]). Accordingly, the Board properly considered his report.

Regarding claimant's request to amend her claim to include alleged cardiac conditions, "the Board is vested with discretion to resolve conflicting medical opinions" (Matter of Benjamin v Sprint/Nextel, 67 AD3d 1277, 1278 [2009]; see Matter of Pengal v Chloe Foods Corp., 111 AD3d 1030, 1031 [2013]). Here, the independent medical examiner opined, based upon an examination of claimant and a review of her medical records, including the results of a 24-hour halter blood pressure monitor test administered to claimant, that she does not suffer from hypertension. He further opined that the minimal mitral and tricuspid valve insufficiency levels evidenced in claimant's echocardiogram report were normal, as such trace conditions are commonly found in most people. Finally, he opined that claimant's enlarged left atrium could not have been caused by stress or psychological factors, based upon the results of the echocardiogram. Accordingly, the Board's April 25, 2012 decision, that claimant has not demonstrated a further causally-related disability, is supported by substantial evidence and will not be disturbed, despite the existence of evidence that would have supported a contrary result (see Matter of Cuffe v Supercuts, 83 AD3d 1344, 1345 [2011], lv denied 17 NY3d 705

[2011]; <u>Matter of Ancrum v New York City Bd. of Educ.</u>, 66 AD3d 1094, 1095 [2009]).

Regarding the Board's May 2, 2012 decision, claimant had sought intermittent lost time benefits for certain time off that had been charged as sick leave. The record reflects that claimant was working full time Monday through Thursday. She has a weekly appointment with her psychologist, related to her established claim, every Friday from 2:30 p.m. to 3:00 p.m. Despite this half-hour afternoon appointment, claimant was taking the whole day off every Friday. Claimant's psychologist testified, however, that there was no psychological reason for claimant to take the entire day off and that her disorder would not prevent her from functioning at the same level on a Friday as she would on the other days of the week. He further testified that he could schedule claimant's appointments later in the afternoon. In light of this testimony, substantial evidence supports the Board's determination that claimant took every Friday entirely off from work based upon convenience and not due to her inability to work because of her disability. Therefore, we will not disturb the Board's decision that claimant is not entitled to intermittent lost time benefits for the full days charged against her sick leave.

Garry, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court