■ In the Matter of the Claim of JOHN VENDITTI, Appellant, v D'ANNUNZIO & SONS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [8 NYS3d 739]—

Lahtinen, J.P. Appeal from a decision of the Workers' Compensation Board, filed July 2, 2013, which ruled that claimant did not sustain causally related injuries to his neck and back.

Claimant was awarded workers' compensation benefits for injuries to his ribs, chin, right shoulder and left knee after he was involved in a motor vehicle accident while working. The Workers' Compensation Law Judge determined, however, that claimant had failed to establish causally related injuries to his neck and back. Upon review, the Workers' Compensation Board affirmed this decision and claimant now appeals.

We affirm. Claimant bore the burden of establishing by competent medical evidence that his claimed injuries to his neck and back were causally related to his employment (*see Matter of Dizenzo v Henderson & Johnson*, 114 AD3d 1014, 1014 [2014]; *Matter of Jaquin v Community Covenant Church*, 69 AD3d 998, 999 [2010]). Claimant's treating physician opined that claimant's neck and back pain were causally related to the work accident. He testified, however, that this opinion was based solely upon claimant's subjective complaints and that he has never diagnosed claimant with any injuries to his neck or back, nor has he provided any treatment to those areas. Claimant's pain management physician testified that he began treating claimant for neck and back pain five years after the accident, but he did not know the extent of claimant's injuries to these areas and could not give an opinion as to whether the pain was related to the accident. The employer's medical expert, who examined claimant and reviewed his medical records, testified that claimant only complained to him of pain to his right shoulder and left knee. Regarding claimant's neck and back, the expert diagnosed a cervical strain and a lumbar radiculopathy that had both resolved. He further testified that he could not opine that any injuries to claimant's back or neck were causally related to his work accident. Given that the resolution of conflicting medical opinions is within the exclusive province of the Board, we find its decision to be supported by substantial evidence (*see Matter of Alm v Natural Health Family Chiropractic*, 85 AD3d 1500, 1501 [2011]; *Matter of Cuffe v Supercuts*, 83 AD3d 1344, 1345 [2011], *lv denied* 17 NY3d 705 [2011]).

Garry, Egan Jr. and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.