Matter of Jewett v New York City Tr. Auth. (2019 NY Slip Op 05825)





Matter of Jewett v New York City Tr. Auth.


2019 NY Slip Op 05825


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527548

[*1]In the Matter of the Claim of D. PATRICIA JEWETT, Appellant,
v
NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Geoffrey Schotter, New York City, for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Jennifer K. Arcarola of counsel), for New York City Transit Authority, respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed May 14, 2018, which ruled that claimant did not sustain consequential psychiatric injuries and denied her claim for further workers' compensation benefits.
In 2016, claimant established a workers' compensation claim for repetitive stress injuries to her knees and ankles. Subsequently, claimant sought to amend the claim to include consequential major depressive disorder and pain disorder. Following a hearing, a Workers' Compensation Law Judge denied the application to amend the claim, and the Workers' Compensation Board affirmed that decision. Claimant appeals.
We affirm. In determining claimant's request to amend her claim to include alleged consequential psychiatric injuries, "it is within the Board's discretion to resolve conflicting medical opinions" (Matter of Bonner v Brownell Steel, Inc., 57 AD3d 1329, 1330 [2008] [internal quotation marks and citation omitted]; see Matter of Benjamin v Sprint/Nextel, 67 AD3d 1277, 1278 [2009]). Here, the Board credited the report and testimony of the psychiatrist who conducted an independent medical examination of claimant on behalf of the employer. Based upon that examination, the psychiatrist concluded that claimant was not suffering from "any diagnosable psychiatric disorder or disability." It was not necessary for the psychiatrist to have reviewed the notes of claimant's treating psychologist, as his review of other records and his own examination provided the requisite rational basis for his opinion (see Matter of Mateo v Alpha Mech. Corp., 2 AD3d 1000, 1001 [2003]). As such, the Board's determination that the claim should not be amended to include major depressive disorder or pain disorder is supported [*2]by substantial evidence and will not be disturbed (see Matter of Benjamin v Sprint/Nextel, 67 AD3d at 1279; Matter of Bonner v Brownell Steel, Inc., 57 AD3d at 1330).
Clark, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.